**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DR. TAREK NESSOULI,** | ] |
| | ] |
|     **Plaintiff,** | ] |
| | ] |
| **vs.** | ]     **2:07-cv-888-SRW** |
| | ] |
| **ATTENTUS EUFAULA, L.L.C., d/b/a** | ] |
| **LAKEVIEW COMMUNITY** | ] |
| **HOSPITAL; and EUFAULA CLINIC** | ] |
| **CORPORATION,** | ] |
| | ] |
|     **Defendants.** | ] |

**ANSWER OF DEFENDANT ATTENTUS EUFAULA, L.L.C.
TO PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW** Defendant Attentus Eufaula, L.L.C., and for Answer to Plaintiff's Amended Complaint, incorporates all responses and defenses set forth in Defendant's Answer to Plaintiff's Original Complaint. By way of further answer, Defendant states as follows:

**I. JURISDICTION AND VENUE**

    1.    Admitted.

    2.    Defendant lacks sufficient knowledge to either admit or deny whether the Physician's Employment Agreement was entered into in Barbour County, Alabama. The remaining allegations in paragraph two of the Amended Complaint are denied.

**II. PARTIES**

    3.    Defendant lacks sufficient knowledge to either admit or deny the allegations regarding Plaintiff's place of birth or whether Plaintiff is of Arabic descent. The remaining

1

allegations in paragraph three of the Amended Complaint are denied.

4. Denied.

5. Denied.

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant denies each and every material allegation in the Plaintiff's Amended Complaint and demands strict proof thereof.

## THIRD DEFENSE

Defendant pleads the general issue.

## FOURTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part, because the claimed damages, if any, were caused by the conduct of third parties, including but not limited to the prior, intervening or superseding conduct of such third parties.

## FIFTH DEFENSE

Defendant asserts the affirmative defense of failure of consideration.

## SIXTH DEFENSE

Defendant asserts the affirmative defense of accord and satisfaction.

## SEVENTH DEFENSE

Defendant asserts the affirmative defense of release.

**EIGHTH DEFENSE**

Defendant asserts the affirmative defenses of waiver, estoppel and unclean hands.

**NINTH DEFENSE**

Defendant asserts the affirmative defense of laches.

**TENTH DEFENSE**

Defendant denies that it is liable to the Plaintiff for the damages claimed in the Amended Complaint and demands strict proof thereof.

**ELEVENTH DEFENSE**

Defendant asserts the affirmative defense of statute of frauds.

**TWELFTH DEFENSE**

Defendant asserts the defense of failure to mitigate damages.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of merger.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of ratification.

**FIFTEENTH DEFENSE**

Defendant denies that any of its actions proximately caused any of the alleged damages claimed by Plaintiff in the Amended Complaint.

**SIXTEENTH DEFENSE**

Plaintiff's claim for injunctive relief is barred because he has failed to allege or demonstrate the lack of meaningful legal remedy.

### SEVENTEENTH DEFENSE

Defendant denies the nature and extent of the damages claimed by the Plaintiff.

### EIGHTEENTH DEFENSE

Plaintiff's claim for injunctive relief is due to be dismissed because it is moot.

### NINETEENTH DEFENSE

Defendant asserts the defense of lack of standing.

### TWENTIETH DEFENSE

Plaintiff's claims are or may be barred by the applicable statute of limitations.

### TWENTY-FIRST DEFENSE

Defendant denies that it intentionally denied the Plaintiff the same terms and conditions of employment as other similarly situated employees.

### TWENTY-SECOND DEFENSE

Defendant denies that Plaintiff was subjected to any discriminatory policy or custom, and therefore his claims are due to be dismissed.

### TWENTY-THIRD DEFENSE

To the extent that any disparity in the terms and conditions of the Plaintiff's employment existed, such disparity was based on reasonable factors other than race or ethnicity.

### TWENTY-FOURTH DEFENSE

Any recovery of damages by the Plaintiff is barred to the extent that Defendant would have made the same decision relating to the terms and conditions of the Plaintiff's employment in the absence of any unlawful discriminatory or retaliatory motive.

### TWENTY-FIFTH DEFENSE

All of the decisions and/or actions challenged in the Plaintiff's First Amended Complaint were undertaken for lawful, legitimate, nondiscriminatory, and nonpretextual reasons that were unrelated to Plaintiff's race or ethnicity.

### TWENTY-SIXTH DEFENSE

In the alternative, some or all of the decisions and/or actions challenged as discriminatory in the Amended Complaint would have been undertaken even had the Plaintiff not had the protected status alleged.

### TWENTY-SEVENTH DEFENSE

Defendant acted based on reasonable factors other than race of ethnicity in dealing with the Plaintiff.

### TWENTY-EIGHTH DEFENSE

Defendant, in the alternative, states that it did not intentionally, willfully, or maliciously violate any of the statutes or laws set forth in the Plaintiff's Amended Complaint.

### TWENTY-NINTH DEFENSE

Defendant's actions with respect to Plaintiff were taken in good faith.

### THIRTIETH DEFENSE

Plaintiff's claims for punitive damages are barred further because the acts, if any, and omissions, if any, of the Defendant, which are specifically denied, fail to rise to the level required to sustain an award of punitive damages; were trivial and isolated; were not motivated by evil intent or discriminatory intent or intent to harm; do not evidence a malicious, known, oppressive or

fraudulent intent to deny Plaintiff his protected rights or to harass or otherwise discriminate against Plaintiff; and are no so wanton or willful as to support an award of punitive damages.

## THIRTY-FIRST DEFENSE

Plaintiff's claims for punitive damages cannot be upheld to the extent they violate or contravenes the holding of the United States Supreme Court in *BMW v. Gore*, 116 S. Ct. 1589 (1996).

## THIRTY-SECOND DEFENSE

The Plaintiff's claim for recovery of some or all of the relief prayed for in the Amended Complaint is in contravention of the Defendant's rights under each of the following constitutional provisions:

a. The contracts clause of Article I, Section 10, of the United States Constitution;

b. The excessive fines clause of the Eighth Amendment to the United States Constitution;

c. The due process clause of the Fourteenth Amendment to the United States Constitution;

d. The self-incrimination clause of the Fifth Amendment to the United States Constitution;

e. The contracts clause of Article I, Section 2, of the *Constitution of Alabama 1901;*

f. The excessive fines clause of Article I, Section 15, of the *Constitution of Alabama 1901;*

g. The due process clause of Article I, Section 6, of the Constitution of Alabama.

**THIRTY-THIRD DEFENSE**

Plaintiff's claim for compensatory damages against Defendant cannot be sustained by an award of compensatory damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of, a compensatory damage award; (2) is not instructed on the limits of compensatory damages imposed by the applicable principles for awarding compensatory damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (3) is permitted to award compensatory damages under a standard for determining liability for compensatory damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes compensatory damages permissible; and (4) is not subject to judicial review on the basis of objective standards, and would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment of the United States Constitution and by the Alabama constitutional provisions providing for due process, equal protection, and guaranty against double jeopardy.

**THIRTY-FOURTH DEFENSE**

Plaintiff's claim for punitive damages against Defendant cannot be sustained by an award of punitive damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of, a punitive damage award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles for awarding punitive damages, in whole or in part, on the basis of invidiously punitive characteristics; (3) is permitted to award punitive damages under a standard for determining liability for punitive damages

that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (4) is not subject to judicial review on the basis of objective standards, and would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Alabama constitutional provisions providing for due process, equal protection, and guaranty against double jeopardy.

## THIRTY-FIFTH DEFENSE

Defendant pleads any and all defenses set forth in any contract between the Plaintiff and the Defendant.

## THIRTY-SIXTH DEFENSE

Defendant reserves the right to amend this Answer to raise any additional defense that may become available during the discovery process.

s/Constance C. Walker
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for Defendant Attentus Eufaula, L.L.C.

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.**
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 251-1000
(205) 324-1133 (fax)

s/Jim S. Calton
Jim S. Calton, Jr. (ASB-0968-L66J)
Attorney for Defendant Attentus Eufaula, L.L.C.

**OF COUNSEL:**

**CALTON & CALTON**
226 East Broad Street
Eufaula, Alabama  36027
(334) 687-3563
(334) 687-3564

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of October, 2007, I electronically filed the foregoing with the Clerk o the Court using the Electrinic Filing system which will send notification of such filing to the following:

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, Alabama 36027-0910

                                         s/Constance C. Walker
                                         OF COUNSEL