IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DR. TAREK NESSOULI,

      Plaintiff,

vs.

ATTENTUS EUFAULA, L.L.C., d/b/a
LAKEVIEW COMMUNITY
HOSPITAL; and EUFAULA CLINIC
CORPORATION,

      Defendants.

2007 OCT -3 P 12: 22

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Case No.: 2:07 CV 888

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Attentus Eufaula, LLC, hereby gives Notice of Removal of this action from the Circuit Court of Barbour County, Alabama, Eufaula Division, to the United States District Court for the Middle District of Alabama, Northern Division, as follows:

### Commencement of the Case

1.    This action was commenced on May 22, 2006, with the filing of a Summons and Complaint in Civil Action No. CV-06-84, in the Circuit Court of Barbour County, Alabama, Eufaula Division, by the Plaintiff against Defendants Eufaula Clinic Corporation and Attentus Eufaula, LLC (Exhibit "A")  All claims against Defendant Eufaula Clinic Corporation have been dismissed. (Exhibit "A") On September 14, 2007, Plaintiff filed a First Amended Complaint, asserting a cause of action against Defendant Attentus Eufaula, LLC for discrimination based on race and ethnicity in violation of 42 U.S.C. § 1981. (Exhibit "A")

**Jurisdictional Statement**

2.      This Court would have original jurisdiction of this action pursuant to 28 U.S.C. § 1331. Plaintiff's Amended Complaint contains a claim under 42 U.S.C. § 1981 for discrimination and thus presents a question arising under the Constitution, laws, or treaties of the United States

**Timeliness of Removal**

3.      Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant is timely removing this action within thirty days after service of the Plaintiff's First Amended Complaint, the pleading from which it was first ascertained that this case has become removable. 28 U.S.C. § 1446(b). (Exhibit "A")

**Removal to Middle District of Alabama**

4.      Removal is proper to the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 81, as Barbour County is within its boundaries. Pursuant to 28 U.S.C. § 1441, this action is being removed to this Court, which embraces the place where the action is pending in state court.

**Attachment of State Court Pleadings and Records**

5.      Pursuant to Local Rules 3.1 and 81.1, and 28 U.S.C. § 1446, a completed civil cover sheet and clear and legible copies of all pleadings, motions, orders and other papers filed and served in this action are attached as Exhibit "A."

**Notice to State Court**

6.      Contemporaneously with the filing of this Notice of Removal in this Court, and in accordance with 28 U.S.C. § 1446(d), Defendant has sent written Notice of

Removal to Plaintiff's attorney and has filed a copy of this Notice with the Clerk of the Circuit Court of Barbour County, Alabama.

### No Admission of Fact or Law

7.      No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

### Conclusion

WHEREFORE, THE PREMISES CONSIDERED, the Defendant respectfully submits that it is entitled to have this action removed from the Circuit Court of Barbour Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted this 3rd day of October, 2007.

Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker  (ASB-5510-L66C)
Jimmy S. Calton (ASB-0968-L66J)
Attorneys for Defendant Attentus Eufaula, LLC

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

OF COUNSEL:

**CALTON & CALTON**
Post Office Box 895
Eufaula, Alabama  36027
(334) 687-3563
(334) 687-3564 Fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing document upon the following by causing a true and complete copy of same to be deposited in **the United States Mail,** sufficient first class postage prepaid, on this the 3rd day of October, 2007, addressed as follows:


Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, Alabama 36027-0910

Richard E. Smith
Greer B. Mallette
Christian & Small, L.L.P.
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696


Of Counsel

27635

## ROBERSON & ROBERSON
### ATTORNEYS AT LAW
8 OFFICE PARK CIRCLE
SUITE 150
BIRMINGHAM, ALABAMA 35223
TELEPHONE: (205) 871-1115
FACSIMILE: (205) 871-5115

JERRY D. ROBERSON*
*ALSO MEMBER GEORGIA BAR

CHRISTIAN E. ROBERSON
(1966-2002)

May 19, 2006

David S. Nix
Circuit Court Clerk
Circuit Court of Barbour County
P.O. Box 219
Clayton, Alabama 36016-0219

Re:    *Dr. Tarek Nessouli v. Eufaula Clinic Corporation, et al.*

Dear Mr. Nix:

Enclosed is an original plus four (4) copies of the following documents:

1)    Civil Cover Sheet
2)    Summons and Complaint
3)    Request for Service Via Certified Mail
4)    Plaintiff's Interrogatories to Attentus Eufaula, LLC
5)    Plaintiff's Request for Production to Attentus Eufaula, LLC
6)    Plaintiff's Interrogatories to Eufaula Clinic Corporation
7)    Plaintiff's Interrogatories to Eufaula Clinic Corporation

MAY 2 2 2006

DAVID S. NIX, CL
BARBOUR COUNTY, A

Please file the originals of each with the court, return a copy of each stamped "filed" in the self addressed stamped envelope provided and serve a copy on each Defendant via certified mail. I am also enclosing a firm check in the amount of $459.00 for the filing fee, along with the envelope including certified mail postage for each defendant.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Jerry Roberson

JDR/ac

Enclosures

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br><br>C V ☐☐☐☐ ☐☐☐☐ ☐☐ - ☐☐<br>Date of Filing:                Judge Code:<br>☐☐ ☐☐ ☐☐☐☐  ☐☐☐☐☐<br>Month   Day   Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ Barbour _____ , ALABAMA
(Name of County)

_____ v. _____ Attentus _____

| Plaintiff | | Defendant | |
|---|---|---|---|
| **First Plaintiff** ☐ Business ☒ Individual<br>☐ Government ☐ Other | | **First Defendant** ☒ Business ☐ Individual<br>☐ Government ☐ Other | |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☒ TOXX - Other: Contract

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☒ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

2006
CLERK

**ORIGIN** (check one):  F ☒ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER: _____
R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☒ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☐ MONETARY AWARD REQUESTED  ☒ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** ☐R☐B☐0☐1☐1☐0  Date _____  _____ Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☐ UNDECIDED

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## EUFAULA DIVISION

DR. TAREK NESSOULI,                      )
                                         )     **Plaintiff Demands Trial**
      Plaintiff,                      )     **By Struck Jury**
                                         )
vs.                                      )     **Civil Action No.:**
                                         )
EUFAULA CLINIC CORPORATION;              )     _CW -06 - 84_
ATTENTUS EUFAULA, LLC, d/b/a             )
LAKEVIEW COMMUNITY HOSPITAL,             )
                                         )
      Defendants.                     )

### SUMMONS

**TO DEFENDANT:**  Attentus Eufaula, LLC.
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

You are hereby summoned **and required** to serve upon Plaintiff's attorney:

Jerry Roberson
ROBERSON & ROBERSON
8 Office Park Circle, Suite 150
Birmingham, Alabama  35223

a response to the complaint which is herewith served upon you, within **30 days after**
service of this summons upon you, exclusive of the day of service.  IF YOU FAIL TO
DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE
RELIEF DEMANDED IN THE COMPLAINT.  A signed copy of your response MUST
also be filed with the court.

DATE: _May 22, 2006_

David Nix, Clerk of Court
Barbour County Court House, Clerk
303 East Broad Street
Eufaula, Alabama 36027

By: _[signature]_
   Deputy Clerk

## RETURN ON SERVICE OF WRIT

I hereby certify and return that on the ___ day of _____, 2006, I served this summons together with the Complaint as follows:

☐    By personal service on the Defendant at_____

☐    By serving a person of suitable age and discretion then residing in the Defendant's usual place of abode. (Give name and address of person served.)

☐    By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the defendant corporation, partnership, or unincorporated association. (Give name and address of person served.)

*I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

_____    _____
*Date*                                  *Authorized or Specially Appointed Process Server*

☐    I hereby certify and return this ____ day of _____, 20__, that I am unable to locate the individual, company, corporation, etc. named in this summons.

*I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

_____    _____
*Date*                                  *Authorized or Specially Appointed Process Server*

Costs of Service:    Service Fee:                          $_____
                               Expenses: _____ miles @ _____cents    $_____

                                             TOTAL    $_____

## RETURN ON SERVICE VIA CERTIFIED MAIL

☐    The summons and complaint in this matter were mailed via Certified Mail, Return Receipt Requested on this the ____ day of _____, 2006.

☐    Return on service of summons and complaint on the ____ day of _____, 2006.

By:_____

Deputy Clerk

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### EUFAULA DIVISION

DR. TAREK NESSOULI,                    )
                                       )    **Plaintiff Demands Trial**
    **Plaintiff,**      )    **By Struck Jury**
                                       )
**vs.**                                )    **Civil Action No.:**
                                       )    CU 06. 84
**EUFAULA CLINIC CORPORATION;**        )
**ATTENTUS EUFAULA, LLC, d/b/a**       )
**LAKEVIEW COMMUNITY HOSPITAL,**       )
                                       )
    **Defendants.**      )

<u>**SUMMONS**</u>



**TO DEFENDANT:** Eufaula Clinic Corporation
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

You are hereby summoned and required to serve upon Plaintiff's attorney:

    Jerry Roberson
    ROBERSON & ROBERSON
    8 Office Park Circle, Suite 150
    Birmingham, Alabama 35223

a response to the complaint which is herewith served upon you, within **30** days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. A signed copy of your response MUST also be filed with the court.

DATE: May 22, 2006

    David Nix, Clerk of Court
    Barbour County Court House, Clerk
    303 East Broad Street
    Eufaula, Alabama 36027

By:

    Deputy Clerk

## RETURN ON SERVICE OF WRIT

I hereby certify and return that on the ____ day of _____, 2006, I served this summons together with the Complaint as follows:

☐     By personal service on the Defendant at_____
☐     By serving a person of suitable age and discretion then residing in the Defendant's usual place of abode. (Give name and address of person served.)
☐     By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the defendant corporation, partnership, or unincorporated association. (Give name and address of person served.)

*I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

_____          _____
*Date*                                                          *Authorized or Specially Appointed Process Server*

☐     I hereby certify and return this ____ day of _____, 20__, that I am unable to locate the individual, company, corporation, etc. named in this summons.

*I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

_____          _____
*Date*                                                          *Authorized or Specially Appointed Process Server*

Costs of Service:     Service Fee:                                  $_____
                      Expenses: _____ miles @ _____cents       $_____

                                             TOTAL       $_____

## RETURN ON SERVICE VIA CERTIFIED MAIL

☐     The summons and complaint in this matter were mailed via Certified Mail, Return Receipt Requested on this the ____ day of _____, 2006.
☐     Return on service of summons and complaint on the ____ day of _____, 2006.

By:_____

Deputy Clerk

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                    )
                                       )
              Plaintiff                )
                                       )        CV: 06-84
v.                                     )
                                       )        JURY TRIAL DEMANDED
                                       )
ATTENTUS EUFAULA, LLC,                 )
d/b/aLAKEVIEW COMMUNITY                )
HOSPITAL, EUFAULA CLINIC               )
CORPORATION;                           )
                                       )
              Defendant.               )

## COMPLAINT

### I.    JURISDICTION & VENUE

1.    This court's jurisdiction is invoked pursuant to its general jurisdiction over disputes arising within Barbour County, Alabama.

2.    The Physician's Employment Agreement was entered into in Barbour County and the unlawful actions on the part of the Defendants were committed within Barbour County, Alabama. The Plaintiff, Dr. Tarek A. Nessouli, entered into a contract, designated as a physician's employment agreement, with the Defendants concerning his medical practice in Barbour County, Alabama.

### II. PARTIES

3.    Plaintiff, Dr. Tarek A. Nessouli, is a citizen of the United States, and is a licensed physician and board certified orthopedic surgeon.

4.    Attentus Eufaula, LLC, d/b/a Lakeview Community Hospital, is an Alabama corporation located in Eufaula, Alabama. It is a health care entity set up to own, operate and lease health care facilities, and owns the Lakeview Community Hospital. Attentus Eufaula LLC was the employer of several physicians, all of whom had employment agreements formerly with Eufaula Clinic Corporation. Attentus Eufaula, LLC assumed all rights and all responsibilities under the former contract that was entered into between Dr. Nessouli and the Eufaula Clinic Corporation.

5.    The Defendant Eufaula Clinic Corporation (hereinafter ECC) is an Alabama corporation, and the employer of certain contracted physicians who admitted patients to Lakeview Community Hospital. EEC contracted with Plaintiff to compensate him for providing medical services to patients and to admit patients for medical treatment to the defendant's affiliated hospital. The purpose of the Physician's Employment Agreement was to have physicians make referrals to the Lakeview Community Hospital, in order to utilize that facility for heath care services. The Eufaula Clinic Corporation is a subsidiary of Community Health Systems, Inc., who owns and operates approximately 70 rural hospitals.

## COUNT ONE

## BREACH OF CONTRACT - ATTENTUS EUFAULA, LLC

6.    Dr. Nessouli performed all of his obligations under the terms of the agreement in the year 2005. In March of 2005, the Lakeview Community Hospital was purchased. There was a transfer and assignment of the Physician's Employment Agreement, from Eufaula Clinic Corporation to the purchaser Attentus Eufaula, LLC.

Attentus Eufaula, LLC agreed to be bound by the terms of the original agreement concerning Dr. Nessouli, and assumed all responsibilities of the original owner, Eufaula Clinic Corporation.

7.    Dr. Nessouli continued with his medical practice under the terms of his physician's employment agreement with Attentus Eufaula, LLC, until he was notified on September 13, 2005 that the contract would terminate ninety (90) days from that date on December 11, 2005.

8.    According to paragraph 9 of the physician's agreement, if the employer terminates the agreement, then the employer shall be responsible for purchasing an extended report endorsement (known as "tail coverage") for the physician's benefit. Dr. Tarek Nessouli has been required to pay to MAG Mutual, his malpractice insurer, since the termination of his employment agreement, over $50,000.00 to obtain tail coverage. The hospital is in breach of its agreement to provide and pay for Dr. Nessouli's tail coverage.    Dr. Nessouli seeks a declaration that the hospital is in breach of its agreement, and seeks prompt reimbursement of the monies he has spent, plus interest. Nessouli also seeks an injunction requiring Attentus Eufaula, LLC to pay all future payments for tail coverage, according to the terms of the contract.

9.    Dr.    Nessouli alleges that because Attentus failed to obtain his tail coverage, he was delayed in beginning his new medical practice with his new employer, for a period of seven (7) weeks, from January 1, 2006 until February 15, 2006. As a proximate consequence of the delay, Dr. Nessouli sustained additional damages, including a further loss of salary and employment related benefits.

10.    Nessouli alleges that he has incurred significant financial losses as a result of the Defendants' wrongful conduct, including the breaches of its agreement, and he seeks compensatory damages, plus interest, and all costs of this action.

11.    The Plaintiff further requests that this Court issue an injunction, requiring the Defendant, Attentus Eufaula, LLC to reimburse Nessouli for the cost of his tail coverage to date, and to make all payments necessary to provide for his tail coverage in the future.

## COUNT TWO

## BREACH OF CONTRACT - ATTENTUS

12.    Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-11 above as fully set forth herein.

13.    Dr. Nessouli alleges that Attenus Eufaula, LLC, has failed to pay him incentive compensation as required under the terms and conditions in his physician's employment agreement. Although he received a salary, he did not receive any money under the incentive compensation and did not receive any accounting of the total revenues collected for medical treatments he performed, nor was there any itemization of the expenses incurred in collecting said revenues. The Defendant Attentus Eufaula, LLC is in breach of the physician agreement for failure to pay Dr. Nessouli under the incentive compensation 75% of the net revenues from the physician's professional services.

14.    Dr. Nessouli was mislead to believe that his employment contract was in force after the human services department at Lakeview Hospital verified his

employment in August of 2005 when he was buying a second home in Destin, Florida. He went ahead and closed on August 31st 2005  and was given notice of his termination of his employment on September 13, 2005, thus causing him additional damages, as he would not have purchased the property had he known he was about to be terminated.

WHEREFORE, premises considered, Plaintiff seeks compensatory damages from the Defendant, Attentus Eufaula LLC for its breach of contract of the Plaintiff's physician's employment agreement, plus interest and all costs of this action.

## COUNT THREE

## BREACH OF CONTRACT - EUFAULA CLINIC CORPORATION

15.    Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-14 above as fully set forth herein

16.    Dr. Nessouli entered into a written Physician's Employment Agreement with the Defendant, Eufaula Clinic Corporation, beginning on September 1, 2002. According to the contract, which had an initial term of two (2) years, Dr. Nessouli was to become an employee of the Eufaula Clinic Corporation and was to locate his medical practice in a clinic operated by the Defendant, Eufaula Clinic Corporation. This term was extended by an amended agreement of September 6, 2004, renewing the agreement for two (2) more years. Under said agreement, Dr Nessouli was to be paid a salary of $315,000.00 per year, for year one and year two of the initial agreement (later amended in May 2004  to $315,000.00 plus a 5% yearly increase beginning September 6, 2004), and as further compensation was to receive 75% of the net cash receipts over the

operating expenses of his employer owned practice starting September 1, 2006.

17.     Dr. Nessouli fulfilled all requirements under the contract. He was employed by the Eufaula Clinic Corporation and performed all his duties and responsibilities under the agreement. Nessouli treated patients, provided physician coverage for the emergency department and for patients at the hospital, kept timely and accurate records of patient visits, operations , provided professional medical services in accordance with the appropriate medical standards in the community, observed all rules of the employer, complied with the quality assurance program, attended staff and hospital committees meetings, supervised staff and nurses, and maintained his membership in good standing on the active medical staff at the hospital.

18.     Under the agreement, Eufaula Clinic Corporation was required to bill, collect and remit all professional fees for medical services. The Defendant was required to pay monthly 75% of the net revenues minus the total operating expenses from professional services personally provided Nessouli. Eufaula Clinic Corporation has failed to ever pay any physician incentive compensation during the term of the agreement, and has provided to the Plaintiff fragmented statements concerning the medical services billed, individual patient collections, fees collected or the expenses deducted in connection with the revenues received. The Defendant failed to hire professional clinic managers to supervise proper coding timely billing and proper collections. The Plaintiff seeks an accounting of all monies collected and said expenses in this action, a declaratory judgment that the agreement has been breached, and all monies owed under said terms of the agreement.

WHEREFORE, premises considered, Plaintiff alleges that he has sustained significant financial losses as a result of Defendants' wrongful conduct, including its breaches of contract, and he seeks compensatory damages, plus interest, and all costs of this action.

## JURY TRIAL DEMANDED

Respectfully submitted,

Jerry Roberson (ROB010)
Attorney for Plaintiff
**ROBERSON & ROBERSON**
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223
Telephone: (205) 871-1115
Facsimile: (205) 871-5115

OF COUNSEL:

Albert H. Adams, Jr., Esquire
RUSSELL IRBY LAW FIRM
257 West Broad Street
Eufaula, AL 36027-0910
(334) 687-6672

**Please serve the Defendants Via Certified Mail as follows:**

Eufaula Clinic Corporation
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104


Attentus Eufaula, LLC.
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### EUFAULA DIVISION

DR. TAREK NESSOULI,                    )
                                       )
    Plaintiff,                     )
                                       )
vs.                                    )        Civil Action No.:
                                       )
EUFAULA CLINIC CORPORATION;            )        CV-06-8K
ATTENTUS EUFAULA, LLC, d/b/a           )
LAKEVIEW COMMUNITY HOSPITAL,           )
                                       )
    Defendants.                    )

### REQUEST FOR SERVICE
### VIA CERTIFIED MAIL

COMES NOW, Plaintiff, Dr. Tarek Nessouli, in the above-styled case, and requests

the Defendants in the above-styled case be served via certified mail by the Clerk of Court.

Respectfully submitted,

JERRY D. ROBERSON
Counsel for Plaintiff

OF COUNSEL:
ROBERSON & ROBERSON
8 Office Park Circle, Suite 150
Birmingham, AL 35223
Telephone: (205) 871-1115

MAY 2 2

**Please serve the Defendants Via Certified Mail as follows:**

Eufaula Clinic Corporation
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Attentus Eufaula, LLC.
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Attentus Eufaula, LLC
c/o National Registered Agents
150 S. Perry Street
Montgomery, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Clearly)  D. Brown
B. Date of Delivery  6/1/06
C. Signature  X

- ☐ Agent
- ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
- ☑ Certified Mail    ☐ Express Mail
- ☐ Registered    ☑ Return Receipt for Merchandise
- ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
7003 2260 0000 4630 9594

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Eufaula Clinic Corporation
c/o National Registered Agents
150 S. Perry Street
Montgomery, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Clearly)  D. Brown
B. Date of Delivery  6/1/06
C. Signature  X

- ☐ Agent
- ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Certified Mail    ☐ Express Mail
- ☐ Registered    ☑ Return Receipt for Merchandise
- ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
7099 3400 0004 5090 9663

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

CV-06-84

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## EUFAULA DIVISION

DR. TAREK NESSOULI,                )
                                   )
    Plaintiff,                 )
                                   )
vs.                                )        Civil Action No.:
                                   )
EUFAULA CLINIC CORPORATION;        )        CU-06-84
ATTENTUS EUFAULA, LLC, d/b/a       )
LAKEVIEW COMMUNITY HOSPITAL,       )
                                   )
    Defendants.                )

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## ATTENTUS EUFAULA, LLC.

COMES NOW the Plaintiff, Dr. Tarek Nessouli and pursuant to Rule 33 of the Alabama Rules of Civil Procedure requests that the Defendant Attentus Eufaula, LLC answer the following interrogatories within forty-five (45) days from the date of service of the complaint.

    1.    Identify, providing the name, address and job classification of the person who was responsible for determining whether Dr. Nessouli's practice was profitable.

    2.    Identify the person who is most familiar concerning the billing, expenses, and reimbursements for medical services provided by Dr. Nessouli.

    3.    State the name, address, and home telephone number of every person who worked in the billing or collection of monies for Dr. Nessouli's medical practice during the period of time that it was operated by this Defendant.

    4.    State the reason why each of the above named persons in interrogatory #3 left the employ of this Defendant.

5.    State whether this Defendant has any contractual agreement with any orthopedic physician in Eufaula presently.  If so, state the name and address of said physician.

6.    Name of the person(s) at Lakeview Community Hospital most knowledgeable about Hospital revenues generated by each physician.

Respectfully submitted,

*[signature]*

Jerry Roberson
ROBERSON & ROBERSON
8 Office Park Circle, Suite 150
Birmingham, Alabama  35223
Telephone:  (205) 871-1115
Facsimile:    (205) 871-5115

OF COUNSEL:

Albert H. Adams, Jr., Esquire
RUSSELL IRBY LAW FIRM
257 West Broad Street
Eufaula, AL  36027-0910
(334) 687-6672

Please serve on Defendants Via Certified Mail, along with Summons & Complaint

Eufaula Clinic Corporation
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Attentus Eufaula, LLC.
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**EUFAULA DIVISION**

| | | |
|---|---|---|
| DR. TAREK NESSOULI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Civil Action No.:** |
| | ) | |
| EUFAULA CLINIC CORPORATION; | ) | CU-06-8 Y |
| ATTENTUS EUFAULA, LLC, d/b/a | ) | |
| LAKEVIEW COMMUNITY HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

*(filing stamp: MAY 22 20— ... NIX, ... UNTY, BA—)*

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Dr. Tarek Nessouli, and requests that the Defendant, Attentus Healthcare, LLC provide the following documents pursuant to Rule 34 of the Alabama Rules of Civil Procedure within forty-five (45) days from the service of the complaint.

1.      All written agreements between the Plaintiff Tarek Nessouli and the Defendant Attentus Healthcare, LLC.

2.      The Articles of Incorporation for Attentus Healthcare LLC.

3.      Copies of all bills from Dr. Nessouli to patients or their insurers which were submitted for reimbursement, for medical services rendered by Dr. Nessouli.

4.      Documents which reflect the amounts collected by Dr. Nessouli's office for co-pays for every day which Dr. Nessouli was employed by the Defendant.

5.      Documents which show monies collected from all individuals for healthcare services provided by Dr. Nessouli.

6.      Copies of all documents submitted for reimbursement to any healthcare insurance provider, included but not limited to Blue Cross, Medicare or Medicaid, or any other healthcare insurance provider, for any patient provided services by Dr. Nessouli.

7.     Copies of all documents which reflect the purchase or sale Lakeview Community Hospital, the Eufaula Clinic Corporation and any assets purchased or contracts assumed.

8.     The physician's employment agreement for Dr. Katz.

9.     The physician's employment agreement for Dr. Robinson.

10.     All documents which show the amounts reimbursed by any healthcare insurer for medical services rendered by Dr. Nessouli.

11.     All documents which show expenses attributed to Dr. Nessolui's medical practice for purposes of computing his incentive compensation.

12.     All accounting statements, worksheets, and/or audited financial documents which show the profit and loss for Dr. Nessouli's medical practice for the purposes of his incentive compensation plan.

13.     A copy of any contractual agreement entered into between the Defendant and any orthopedic surgeon.

14.     Copy of all patient's billing from Lakeview Hospital for all patients admitted by Dr. Nessouli.

15.     Copy of all charges for MRI's, bone scans, x-rays, lab work done at Lakeview Hospital per orders of Dr. Nessouli.

16.     All reports which show hospital revenues generated by each physician.

Respectfully submitted,

Jerry Roberson

OF COUNSEL:

ROBERSON & ROBERSON
8 Office Park Circle, Suite 150
Birmingham, Alabama  35223
Telephone:  (205) 871-1115
Facsimile:     (205) 871-5115


**Please serve on Defendants Via Certified Mail, along with Summons & Complaint**

Eufaula Clinic Corporation
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104


Attentus Eufaula, LLC.
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                    )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )        Civil Action No.:
                                       )
EUFAULA CLINIC CORPORATION;            )        CW 06- 8 Y
ATTENTUS EUFAULA, LLC, d/b/a           )
LAKEVIEW COMMUNITY HOSPITAL,           )
                                       )
        Defendants.                    )

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## EUFAULA CLINIC CORPORATION

COMES NOW the Plaintiff, Dr. Tarek Nessouli and pursuant to Rule 33 of the

Alabama Rules of Civil Procedure requests that the Defendant Eufaula Clinic Corporation

answer the following interrogatories within forty-five (45) days from the date of service of

the complaint.

1.      Identify, providing the name, address and job classification of the person who

was responsible for determining whether Dr. Nessouli's practice was profitable.

2.      Identify the person who is most familiar concerning the billing, expenses, and

reimbursements for medical services provided by Dr. Nessouli.

3.      State the name, address, and home telephone number of every person who

worked in the billing or collection of monies for Dr. Nessouli's medical practice during the

period of time that it was operated by this Defendant.

4.      State the reason why each of the above named persons in interrogatory #3

left the employ of this Defendant.

5.    Name of the person(s) at Lakeview Community Hospital most knowledgeable about Hospital revenues generated by each physician.

Respectfully submitted,

Jerry Roberson
ROBERSON & ROBERSON
8 Office Park Circle, Suite 150
Birmingham, Alabama  35223
Telephone:  (205) 871-1115
Facsimile:    (205) 871-5115

OF COUNSEL:

Albert H. Adams, Jr., Esquire
RUSSELL IRBY LAW FIRM
257 West Broad Street
Eufaula, AL  36027-0910
(334) 687-6672

**Please serve on Defendants Via Certified Mail, along with Summons & Complaint**

Eufaula Clinic Corporation
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Attentus Eufaula, LLC.
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                   )

       Plaintiff,              )

vs.                         )     Civil Action No.:

EUFAULA CLINIC CORPORATION;    )
ATTENTUS EUFAULA, LLC, d/b/a     )
LAKEVIEW COMMUNITY HOSPITAL,  )   $CV\text{-}06\text{-}84$

       Defendants.           )

FILED
MAY 22 2006
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Dr. Tarek Nessouli, and requests that the Defendant, Eufaula Clinic Corporation, provide the following documents pursuant to Alabama Rules of Civil Procedure 34 within forty-five (45) days from the service of the complaint.

1.     All written agreements between the Plaintiff Tarek Nessouli and the Defendant Eufaula Clinic Corporation.

2.     The Articles of Incorporation for Eufaula Clinic Corporation.

3.     Copies of all bills from Dr. Nessouli to patients or their insurers which were submitted for reimbursement for medical services rendered by Dr. Nessouli.

4.     Documents which reflect the amounts collected by Dr. Nessouli's office for co-pays for every day which Dr. Nessouli was employed by the Defendant.

5.     Documents which show monies collected from all individuals for healthcare services provided by Dr. Nessouli.

6.     Copies of all documents submitted for reimbursement to any healthcare insurance provider, included but not limited to Blue Cross, Medicare or Medicaid, or any

other healthcare insurance provider, for any patient provided services by Dr. Nessouli.

7.    Copies of all documents which reflect the purchase or sale Lakeview Community Hospital, the Eufaula Clinic Corporation and any assets purchased or sold and contracts assigned.

8.    The physician's employment agreement for Dr. Katz.

9.    The physician's employment agreement for Dr. Robinson.

10.    All documents which show the amounts reimbursed by any healthcare insurer for medical services rendered by Dr. Nessouli.

11.    All documents which show expenses attributed to Dr. Nessolui's medical practice for purposes of computing his incentive compensation.

12.    All accounting statements, worksheets, and/or audited financial documents which show the profit and loss for Dr. Nessouli's medical practice for the purposes of his incentive compensation plan.

13.    All reports from Lakeview Community Hospital which show revenues generated by each physician.

14.    Copy of all patient's billing from Lakeview Hospital for all patients admitted by Dr. Nessouli.

15.    Copy of all charges for MRI's, bone scans, x-rays, lab work done at Lakeview Hospital per orders of Dr. Nessouli.

16.    All reports which show hospital revenues generated by each physician.

Respectfully submitted,

Jerry Roberson

OF COUNSEL:

ROBERSON & ROBERSON
8 Office Park Circle, Suite 150
Birmingham, Alabama   35223
Telephone:  (205) 871-1115
Facsimile:    (205) 871-5115


**Please serve on Defendants Via Certified Mail, along with Summons & Complaint**

Eufaula Clinic Corporation
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104


Attentus Eufaula, LLC.
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  JERRY ROBERSON
     tlbla@bellsouth.net

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following discovery was FILED on 12/28/2006 1:08:09 PM

Notice Date:     12/28/2006 1:08:09 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  ADAMS ALBERT H JR
     PO BOX 910
     EUFAULA, AL 36027

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
69-CV-2006-000084.00

The following discovery was FILED on 12/28/2006 1:08:09 PM

Notice Date:     12/28/2006 1:08:09 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  CALTON JIMMY SPURLOCKJR
226 EAST BRAOD STREET
EUFAULA, AL 36027

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
69-CV-2006-000084.00

The following discovery was FILED on 12/28/2006 1:08:09 PM

Notice Date:       12/28/2006 1:08:09 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  HORTON WILLIAM WILEY
     800 AMSOUTH-SONAT TOWER
     1900 FIFTH AVENUE NORTH
     BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following discovery was FILED on 12/28/2006 1:08:09 PM

Notice Date:     12/28/2006 1:08:09 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  SMITH RICHARD EARL
     505 20TH STREET NO
     SUITE 1800
     BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following discovery was FILED on 12/28/2006 1:08:09 PM

Notice Date:      12/28/2006 1:08:09 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  MALLETTE GREER BURDICK
gbm@csattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
69-CV-2006-000084.00

The following discovery was FILED on 12/28/2006 1:08:09 PM

Notice Date:       12/28/2006 1:08:09 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  ROBERSON JERRY D
     tlbla@bellsouth.net

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following discovery was FILED on 12/28/2006 1:08:09 PM

Notice Date:     12/28/2006 1:08:09 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  WALKER CONSTANCE A
ccw@hsy.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
69-CV-2006-000084.00

The following discovery was FILED on 12/28/2006 1:08:09 PM

Notice Date:     12/28/2006 1:08:09 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



ELECTRONICALLY FILED
12/28/2006 1:08 PM
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### EUFAULA DIVISION

| | | |
|---|---|---|
| **DR. TAREK NESSOULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.:** |
| | ) | |
| **EUFAULA CLINIC CORPORATION;** | ) | |
| **ATTENTUS EUFAULA, LLC, d/b/a** | ) | **CV 06-84** |
| **LAKEVIEW COMMUNITY HOSPITAL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>NOTIFICATION OF ADDRESS CHANGE</u>

COMES NOW the Plaintiff in the above styled action by and through his undersigned counsel of record and gives notice to the Court and opposing counsel of the following:

      1.    That the office of Roberson & Roberson moved their office the week of December 17, 2006.

      2.    That the contact information for Jerry D. Roberson will be as follows:

### <u>New Contact Information:</u>

**Jerry Roberson**
***ROBERSON & ROBERSON***
**3765 Kinross Drive**
**P.O. Box 380487**
**Birmingham, Alabama 35238-0487**
**Phone Number:205.981.3906**
**Fax Number:205.981.3908**
**E-mail: <u>jdratty@charter.net</u>**
**<u>tlbaker@charter.net</u>**

WHEREFORE, Plaintiff respectfully requests this Court and opposing counsel to

note the above changes and direct any future correspondence to the address and/or number(s) listed above.

Respectfully submitted,

s/Jerry Roberson
Jerry Roberson (ROB010)
Roberson & Roberson
3765 Kinross Drive
P.O. Box 380487
Birmingham, Alabama 35238
Telephone:   (205) 981-3906
Fax:            (205) 981-3908
E-mail: **jdratty@charter.net**
         **tlbaker@charter.net**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the using the Electronic Filing system which will send notification of such filing to the following:

Richard E. Smith, Esq.
Greer B. Mallette, Esq.
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696

Constance Walker, Esq.
HASKELL, SLAUGHTER, YOUNG & GALLION, LLC
P.O. Box 4660
Montgomery, Alabama 36103

s/Jerry Roberson
Jerry Roberson (ROB010)

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                    )
                                       )
        PLAINTIFF,                     )
                                       )
v.                                     )        CIVIL ACTION NO.: CV 06-84
                                       )
EUFAULA CLINIC CORPORATION;            )
ATTENTUS EUFAULA, LLC, d/b/a           )
LAKEVIEW COMMUNITY HOSPITAL,           )
                                       )
        DEFENDANTS.                    )

## ANSWER OF EUFAULA CLINIC CORPORATION

Come now Eufaula Clinic Corporation and for Answer to the numbered allegations of

Plaintiff's Complaint says as follows:

   1.    Admitted.

   2.    Defendant denies that any unlawful actions on the part of the Defendants were

committed within Barbour County, Alabama. The remaining allegations of paragraph 2 are admitted.

   3.    Admitted.

   4.    Defendant admits that Attentus Eufaula, LLC assumed all rights and all responsibilities

under the former contract that was entered into between Dr. Nessouli and the Eufaula Clinic

Corporation. The remaining allegations of paragraph 4 are not applicable to this defendant.

   5.    Defendant denies that the sole purpose of the Physician's Agreement was to have

physicians make referrals to the Lakeview Community Hospital and avers that the Agreement speaks

for itself. The remaining allegations of paragraph 5 are admitted.

## COUNT ONE

## BREACH OF CONTRACT - ATTENTUS EUFAULA, LLC

6.      Defendant is without sufficient information to admit or deny whether or not Dr. Nessouli performed all of his obligations under the terms of the agreement in the year 2005. Defendant admits that in February of 2005, the Lakeview Community Hospital was purchased and that there was a transfer and assignment of the Physician's Employment Agreement from Eufaula Clinic Corporation to the purchaser, Attentus Eufaula, LLC.

7.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore denies the same.

8.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore denies the same.

9.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore denies the same.

10.     Denied.

11.     Denied.

## COUNT TWO
## BREACH OF CONTRACT - ATTENTUS

12.     Defendants incorporate by reference their answers to paragraphs 1 through 11 above as if set forth fully herein.

13.     Defendant denies that Dr. Nessouli was ever entitled to incentive compensation of 75% of the net revenues from his services as the amended agreement was never executed according to its terms. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 13 of the Complaint and therefore denies the same.

14.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint and therefore denies the same.

## COUNT THREE
## BREACH OF CONTRACT - EUFAULA CLINIC CORPORATION

15.     Defendants incorporate by reference their answers to paragraphs 1 through 14 above as if set forth fully herein.

16.     Admitted that Dr. Nessouli entered into a written Physician's Employment Agreement with Eufaula Clinic Corporation, beginning on September 1, 2002, that the contract had an initial term of two (2) years, that Dr. Nessouli was to become an employee of the Eufaula Clinic Corporation and was to locate his medical practice in a clinic operated by Eufaula Clinic Corporation. All of the remaining allegations of Paragraph 16 of the Complaint are denied.

17.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 17 of the Complaint and therefore denies the same.

18.     Admitted that Eufaula Clinic Corporation was required to bill, collect, and remit all professional fees for medical services.  The remaining allegations of Paragraph 18 of the Complaint are denied.

**Defendant further pleads the following affirmative defenses:**

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Defendant denies the material allegations of Plaintiff's Complaint and demands strict proof thereof.

3.     The Defendant states that there is no causal relation in fact between its activities with respect to the Plaintiff's alleged damages.

4.     Plaintiff has failed to comply with his common law duty to mitigate claimed damages

the entitlement to which the Defendant expressly denies.

5.     Plaintiff's claims, in whole or in part, are barred by the equitable doctrine of laches, waiver and estoppel.

6.     The Defendant denies that Plaintiff's alleged damages were proximately caused by any wrongful conduct of this Defendant.

7.     Defendant pleads the defense of unclean hands.

8.     Plaintiffs' claims against this Defendant are barred by the parol evidence rule.

9.     Plaintiffs' claims against this Defendant are barred by the doctrines of ratification, consent, and acquiescence.

10.    Plaintiffs' claims against this Defendant are barred by the statute of frauds.

11.    This Defendant reserves the right to assert additional defenses as discovery progresses in this case.  To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, having fully answered, the Defendant demands judgment against Plaintiff on all counts of the Complaint.

Richard E. Smith
Greer B. Mallette
Attorneys for Defendant Eufaula Clinic Corporation

OF COUNSEL:
CHRISTIAN & SMALL LLP
ATTORNEYS AND COUNSELORS
505 20TH ST N STE 1800
BIRMINGHAM, AL  35203-2696
(205) 795-6588
(205 328-7234 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing pleading on counsel for all parties by placing a copy of same in the United States Mail, properly addressed and postage prepaid, on this the ___5th___ day of __July_____, 2006:

_Richd E. S~_
Of Counsel

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, AL 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, AL 36027-0910

Constance Walker
Haskell Slaughter Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL 36103

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                    )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )        CIVIL ACTION NO.: CV-06-84
                                       )
EUFAULA CLINIC CORPORATION;            )
ATTENTUS EUFAULA, LLC, d/b/a           )
LAKEVIEW COMMUNITY HOSPITAL            )
                                       )
        Defendants.                    )

## NOTICE OF APPEARANCE

COMES NOW the undersigned, Jim S. Calton, Jr., Esq. and files this Notice of Appearance in

the above styled cause as Co-Counsel on behalf of the Defendant, Lakeview Community Hospital in the

above referenced matter.

                                       _____
                                       Jim S. Calton, Jr., Esq.
                                       226 East Broad Street
                                       P.O. Box 895
                                       Eufaula, AL 36072-0895
                                       (334) 687-3563

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by placing same in the U.S.

mail, postage paid and properly addressed to:

Ms. Constance C. Walker, Esq.              Mr. Jerry Roberson, Esq.
Haskell Slaughter Young & Rediker, LLC     Roberson & Roberson
305 South Lawrence Street                  8 Office Park Circle, Suite 150
P.O. Box 4660                              Birmingham, AL 35223
Montgomery, AL 36103

Mr. Albert Adams, Esq.
Irby Law Firm
P.O. Box 910
Eufaula, AL 36072


This the 28 day of June, 2006.

                                       _____
                                       OF COUNSEL

F:\wpfiles\notofapp\lch10675.noa.wpd

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                    )
                                       )
       PLAINTIFF,                      )
                                       )
V.                                     )    CIVIL ACTION NO.: CV-06-84
                                       )
EUFAULA CLINIC CORPORATION;            )
ATTENTUS EUFAULA, LLC, d/b/a           )
LAKEVIEW COMMUNITY HOSPITAL,           )
                                       )
       DEFENDANTS.                     )

## NOTICE TO CLERK OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Circuit Court Clerk
       Barbour County Courthouse
       Eufaula, AL 36027

       PLEASE TAKE NOTICE that the undersigned has this date served on counsel for all parties, the following:


       (1)    Eufaula Clinic Corporation's First Interrogatories to Plaintiff; and,

       (2)    Eufaula Clinic Corporation's First Request for Production of Documents to Plaintiff.


                                   Richard E. Smith
                                   Attorney for Defendant
                                   Eufaula Clinic Corporation

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
TELEPHONE:  (205) 795-6588
FACSIMILE: (205) 328-7234


## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 5th day of July, 2006:


OF COUNSEL


Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, AL 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, AL 36027-0910

Constance Walker
Haskell Slaughter Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL 36103

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION



| | |
|---|---|
| DR. TAREK NESSOULI, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ]     CV-06-84 |
| | ] |
| ATTENTUS EUFAULA, L.L.C., d/b/a | ] |
| LAKEVIEW COMMUNITY | ] |
| HOSPITAL; and EUFAULA CLINIC | ] |
| CORPORATION, | ] |
| | ] |
| Defendants. | ] |

ANSWER OF DEFENDANT ATTENTUS EUFAULA, L.L.C.
d/b/a LAKEVIEW COMMUNITY HOSPITAL

**COMES NOW** Defendant Attentus Eufaula, L.L.C., d/b/a Lakeview Community Hospital,

and for Answer to Plaintiff's Complaint, states as follows:

## I. JURISDICTION AND VENUE

1.      Admitted.

2.      Defendant lacks sufficient knowledge to either admit or deny whether the Physician's

Employment Agreement was entered into in Barbour County, Alabama. The remaining allegations

in paragraph two of the Complaint are denied.

## II. PARTIES

3.      Admitted.

4.      Defendant admits that (1) it is a limited liability company with a place of business

in Eufaula, Alabama; (ii) it is a health care entity set up to own, operate and lease health care

facilities; (iii) it owns Lakeview Community Hospital; and (iv) it as the employer of several

physicians. Defendant lacks sufficient knowledge to either admit or deny whether all physicians employed by Defendant formerly had employment agreements with Eufaula Clinic Corporation. Defendant denies that it assumed all rights and responsibilities under the former contract that was entered into between Plaintiff and Eufaula Clinic Corporation.

5.    Defendant submits that the Physician's Employment Agreement speaks for itself. Defendant lacks sufficient knowledge to either admit or deny the remaining allegations in paragraph five of the Complaint.

## COUNT ONE

### BREACH OF CONTRACT - ATTENTUS EUFAULA, L.L.C.

6.    Defendant admits that in February of 2005, the Lakeview Community Hospital was purchased by Defendant Attentus Eufaula, L.L.C. The remaining allegations in paragraph six of the complaint are denied.

7.    Defendant admits that Plaintiff was notified by way of letter dated September 13, 2005 that the Employment Agreement would terminate on December 11, 2005. The remaining allegations in paragraph seven of the Complaint are denied.

8.    Defendant lacks sufficient knowledge or information as to whether Plaintiff has been required to pay to Mag Mutual, his malpractice insurer, over $50,000 to obtain tail coverage since the termination of his employment agreement. Defendant further submits that the Physician's Employment Agreement speaks for itself. The remaining allegations in paragraph eight of the Complaint are denied.

9.    Denied.

10.    Denied.

11.    Denied. Further to the extent Defendant has not responded to all of the allegations

in paragraphs one through eleven of the Complaint, all of the same are hereby denied. Defendant further denies all prayers for relief in the Complaint, and denies that Plaintiff is entitled to the relief requested in the Complaint.

## COUNT TWO

### BREACH OF CONTRACT - ATTENTUS

12.     Defendant incorporates herein its responses to paragraphs one through eleven of the Complaint as if the same were set out here in full.

13.     Denied.

14.     Denied. Defendant further denies all prayers for relief in the Complaint, and denies that Plaintiff is entitled to the relief requested in the Complaint.

## COUNT THREE

### BREACH OF CONTRACT - EUFAULA CLINIC CORPORATION

15.     Defendant incorporates herein its responses to paragraphs one through fourteen of the Complaint as if the same were set out here in full.

16.     Defendant admits that Plaintiff entered into a Physician's Employment Agreement with the Defendant Eufaula Clinic Corporation which agreement speaks for itself. Defendant lacks sufficient knowledge to either admit or deny the remaining allegations in paragraph sixteen of the Complaint.

17.     Defendant admits that Plaintiff entered into a Physician's Employment Agreement with the Defendant Eufaula Clinic Corporation which agreement speaks for itself. Defendant lacks sufficient knowledge to either admit or deny the remaining allegations in paragraph seventeen of the Complaint.

18.     Defendant admits that Plaintiff entered into a Physician's Employment Agreement

with the Defendant Eufaula Clinic Corporation which agreement speaks for itself. Defendant lacks

sufficient knowledge to either admit or deny the remaining allegations in paragraph eighteen of the

Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant denies each and every material allegation in the Plaintiff's Complaint and demands

strict proof thereof.

## THIRD DEFENSE

Defendant pleads the general issue.

## FOURTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part, because the claimed damages,

if any, were caused by the conduct of third parties, including but not limited to the prior, intervening

or superseding conduct of such third parties.

## FIFTH DEFENSE

Defendant asserts the affirmative defense of failure of consideration.

## SIXTH DEFENSE

Defendant asserts the affirmative defense of accord and satisfaction.

## SEVENTH DEFENSE

Defendant asserts the affirmative defense of release.

## EIGHTH DEFENSE

Defendant asserts the affirmative defenses of waiver, estoppel and unclean hands.

## NINTH DEFENSE

Defendant asserts the affirmative defense of laches.

## TENTH DEFENSE

Defendant denies that it is liable to the Plaintiffs for the damages claimed in the Complaint and demands strict proof thereof.

## ELEVENTH DEFENSE

Defendant asserts the affirmative defense of statute of frauds.

## TWELFTH DEFENSE

Defendant asserts the defense of failure to mitigate damages.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of merger.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of ratification.

## FIFTEENTH DEFENSE

Defendant denies that any of its actions proximately caused any of the alleged damages claimed by Plaintiff in the Complaint.

## SIXTEENTH DEFENSE

Plaintiff's claim for injunctive relief is barred because he has failed to allege or demonstrate the lack of meaningful legal remedy.

## SEVENTEENTH DEFENSE

Defendant denies the nature and extent of the damages claimed by the Plaintiff.

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend its Answer to assert additional defenses in the interest of justice and upon the discovery of new evidence.

_____

William W. Horton (HOR014)
Constance C. Walker (WAL144)
Attorneys for Defendant Attentus Eufaula,
L.L.C.


**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.**
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 251-1000
(205) 324-1133 (fax)


**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Montgomery, Alabama 36104
(334) 265-8573
(334) 264-7945 (fax)


_____

Jim S. Calton, Jr. (CAL052)
Attorney for Defendant Attentus Eufaula, L.L.C.


**OF COUNSEL:**

**CALTON & CALTON**
226 East Broad Street
Eufaula, Alabama  36027
(334) 687-3563
(334) 687-3564

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Answer upon the following counsel

of record by placing a copy of the same in the United States mail, postage prepaid, this the _____

day of July, 2006:


Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, Alabama 36027-0910

Richard E. Smith
Greer B. Mallette
Christian & Small, L.L.P.
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696


_____
OF COUNSEL

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### EUFAULA DIVISION



DR. TAREK NESSOULI,                    ]
                                       ]
    Plaintiff,                     ]
                                       ]
vs.                                    ]    CV-06-84
                                       ]
ATTENTUS EUFAULA, L.L.C., d/b/a         ]
LAKEVIEW COMMUNITY                     ]
HOSPITAL; and EUFAULA CLINIC           ]
CORPORATION,                           ]
                                       ]
    Defendants.                    ]

### RESPONSES OF DEFENDANT ATTENTUS EUFAULA, L.L.C.
### TO PLAINTIFF'S INTERROGATORIES

**COMES NOW** Defendant Attentus Eufaula, L.L.C., d/b/a Lakeview Community Hospital,

pursuant to Rule 33, Ala. R.Civ. P., and for answer to Plaintiff's Interrogatories, states as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to each and every one of the Plaintiff's discovery requests insofar

as such discovery requests seek information that is neither relevant to the subject matter of the

pending litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

2.    Defendant objects to each and every one of the Plaintiff's discovery requests insofar

as such discovery requests seek communications and/or documents that were prepared or made by

other persons and/or entities.  Such documents, communications, and knowledge of such

communications are in the custody, control, and possession of others, and therefore, Defendant is

justified in requesting that the Plaintiff obtain such information from other persons and/or entities.

1

3.    Defendant objects to each and every one of the Plaintiff's discovery requests to the extent that such discovery requests seek information subject to the attorney/client privilege, prepared in anticipation of litigation or in anticipation for trial, or which is attorney work product or which is confidential or proprietary in nature, or which is covered by any other privilege. Defendant also states that any inadvertent production or disclosure of privileged material is not intended, and should not be construed as a waiver of privilege, and Defendant reserves the right to seek the return of any such material and object to its use.

4.    Defendant objects to each and every one of the Plaintiff's discovery requests to the extent the requests seek information that is in the possession of the Plaintiff.

5.    Defendant objects to any discovery requests requesting that it prepare the Plaintiff's case, and to determine what Plaintiff should deem relevant to or supportive of certain claims and allegations.

6.    Defendant objects to each and every discovery request to the extent it is vague, ambiguous, overly broad in time and scope, oppressive, unduly burdensome, extremely costly, or to the extent it contains key terms that are not defined or that are unreasonably compound, disjunctive or conjunctive.

7.    Defendant objects to any discovery request to the extent it seeks confidential, financial, or propritary business information.

8.    Defendant's objections to the pending discovery are made without waiver of, or prejudice to, additional objections that Defendant may make. All such objections are hereby expressly preserved, as is the right to move for a protective order. Defendant also reserves all objections as to the admissibility at trial of any information provided.

9.     The supplying of any information does not constitute an admission that such information is relevant in this lawsuit.  All information provided by Defendant is for use in this litigation only and is not to be used for any other purpose.  Defendant also reserves the right to require Plaintiff to execute suitable confidentiality statements/agreements for this purpose.

10.     Each and every response to the following discovery requests is expressly subject to the above-stated General Objections as if said objections were fully repeated before each response.

11.     The responses herein reflect the Defendant's best present knowledge based upon its review to date and Defendant reserves the right to amend and supplement these responses as further information may warrant.

## INTERROGATORIES

1.     Identify, providing the name, address and job classification of the person who was responsible for determining whether Dr. Nessouli's practice was profitable.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein.  Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive information.

2.     Identify the person who is most familiar concerning the billing, expenses, and reimbursements for medical services provided by Dr. Nessouli.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein.  Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive information.

3

3.    State the name, address, and home telephone number of every person who worked in the billing or collection of monies for Dr. Nessouli's medical practice during the period of time that it was operated by this Defendant.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its review for responsive information.

4.    State the reason why each of the above named persons in interrogatory #3 left the employ of this Defendant.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive information.

5.    State whether this Defendant has any contractual agreement with any orthopedic physician in Eufaula presently. If so, state the name and address of said physician.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive information.

6.    Name the person(s) at Lakeview Community Hospital most knowledgeable about Hospital revenues generated by each physician.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive information.

4

_Coni Walker_ /nc/

William W. Horton (HOR014)
Constance C. Walker (WAL144)
Attorneys for Defendant Attentus Eufaula,
L.L.C.

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.**
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 251-1000
(205) 324-1133 (fax)


**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Montgomery, Alabama 36104
(334) 265-8573
(334) 264-7945 (fax)


_Jim Calton_

Jim S. Calton, Jr. (CAL052)
Attorney for Defendant Attentus Eufaula, L.L.C.


**OF COUNSEL:**

**CALTON & CALTON**
226 East Broad Street
Eufaula, Alabama 36027
(334) 687-3563
(334) 687-3564

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Answer upon the following counsel of record by placing a copy of the same in the United States mail, postage prepaid, this the 2 7 day of July, 2006:

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, Alabama 36027-0910

Richard E. Smith
Greer B. Mallette
Christian & Small, L.L.P.
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696



OF COUNSEL

6

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION



| | | |
|---|---|---|
| DR. TAREK NESSOULI, | ] | |
| Plaintiff, | ] | |
| vs. | ] | CV-06-84 |
| ATTENTUS EUFAULA, L.L.C., d/b/a LAKEVIEW COMMUNITY HOSPITAL; and EUFAULA CLINIC CORPORATION, | ] | |
| Defendants. | ] | |

**RESPONSES OF DEFENDANT ATTENTUS EUFAULA, L.L.C.
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**COMES NOW** Defendant Attentus Eufaula, L.L.C., d/b/a Lakeview Community Hospital,

pursuant to Rule 34, Ala. R.Civ. P., and for response to Plaintiff's Request for Production of

Documents, states as follows:

### GENERAL OBJECTIONS

1.     Defendant objects to each and every one of the Plaintiff's discovery requests insofar

as such discovery requests seek information that is neither relevant to the subject matter of the

pending litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

2.     Defendant objects to each and every one of the Plaintiff's discovery requests insofar

as such discovery requests seek communications and/or documents that were prepared or made by

other persons and/or entities.  Such documents, communications, and knowledge of such

communications are in the custody, control, and possession of others, and therefore, Defendant is

1

justified in requesting that the Plaintiff obtain such information from other persons and/or entities.

3.    Defendant objects to each and every one of the Plaintiff's discovery requests to the extent that such discovery requests seek information subject to the attorney/client privilege, prepared in anticipation of litigation or in anticipation for trial, or which is attorney work product or which is confidential or proprietary in nature, or which is covered by any other privilege. Defendant also states that any inadvertent production or disclosure of privileged material is not intended, and should not be construed as a waiver of privilege, and Defendant reserves the right to seek the return of any such material and object to its use.

4.    Defendant objects to each and every one of the Plaintiff's discovery requests to the extent the requests seek information that is in the possession of the Plaintiff.

5.    Defendant objects to any discovery requests requesting that it prepare the Plaintiff's case, and to determine what Plaintiff should deem relevant to or supportive of certain claims and allegations.

6.    Defendant objects to each and every discovery request to the extent it is vague, ambiguous, overly broad in time and scope, oppressive, unduly burdensome, extremely costly, or to the extent it contains key terms that are not defined or that are unreasonably compound, disjunctive or conjunctive.

7.    Defendant objects to any discovery request to the extent it seeks confidential, financial, or propritary business information.

8.    Defendant's objections to the pending discovery are made without waiver of, or prejudice to, additional objections that Defendant may make. All such objections are hereby

expressly preserved, as is the right to move for a protective order. Defendant also reserves all objections as to the admissibility at trial of any information provided.

9.    The supplying of any information does not constitute an admission that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and is not to be used for any other purpose. Defendant also reserves the right to require Plaintiff to execute suitable confidentiality statements/agreements for this purpose.

10.    Each and every response to the following discovery requests is expressly subject to the above-stated General Objections as if said objections were fully repeated before each response.

11.    The responses herein reflect the Defendant's best present knowledge based upon its review to date and Defendant reserves the right to amend and supplement these responses as further information may warrant.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.    All written agreements between the Plaintiff Tarek Nessouli and the Defendant Attentus Healthcare, L.L.C.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its review for responsive documents.

2.    The Articles of Incorporation for Attentus Healthcare, L.L.C.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its review for responsive documents.

3

3.      Copies of all bills from Dr. Nessouli to patients or their insurers which were submitted for reimbursement, for medical services rendered by Dr. Nessouli.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its review for responsive documents.

4.      Documents which reflect the amounts collected by Dr. Nessouli's office for co-pays for every day which Dr. Nessouli was employed by the Defendant.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its review for responsive documents.

5.      Documents which show monies collected from all individuals for healthcare services provided by Dr. Nessouli.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its review for responsive documents.

6.      Copies of all documents submitted for reimbursement to any healthcare insurance provider, included but not limited to Blue Cross, Medicare or Medicaid, or any other healthcare insurance provider, for any patient provided services by Dr. Nessouli.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive documents.

4

7.     Copies of all documents which reflect the purchase or sale (sic) Lakeview Community Hospital, the Eufaula Clinic Corporation and any assets purchased or contracts assumed.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive documents.

8.     The physician's employment agreement for Dr. Katz.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive documents.

9.     The physician's employment agreement for Dr. Robinson.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive documents.

10.    All documents which show the amounts reimbursed by any healthcare insurer for medical services rendered by Dr. Nessouli.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive documents.

11.    All documents which show expenses attributed to Dr. Nessouli's medical practice for purposes of computing his incentive compensation.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive documents.

12.    All accounting statements, worksheets, and/or audited financial documents which show the profit and loss for Dr. Nessouli's medical practice for the purposes of his incentive compensation plan.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive documents.

13.    A copy of any contractual agreement entered into between the Defendant and any orthopedic surgeon.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive documents.

14.    Copy of all patient's billing from Lakeview Hospital for all patients admitted by Dr. Nessouli.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive documents.

15.    Copy of all charges for MRI's, bone scans, x-rays, lab work done at Lakeview Hospital per orders of Dr. Nessouli.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive documents.

16. All reports which show hospital revenues generated by each physician.

**RESPONSE:** Defendant adopts each and every general objection raised above as if it is fully set forth herein. Without waiving the aforementioned objections, Defendant will supplement this response upon completion of its internal review for responsive documents.

William W. Horton (HOR014)
Constance C. Walker (WAL144)
Attorneys for Defendant Attentus Eufaula, L.L.C.

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.**
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 251-1000
(205) 324-1133 (fax)

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Montgomery, Alabama 36104
(334) 265-8573
(334) 264-7945 (fax)



Jim S. Calton, Jr. (CAL052)
Attorney for Defendant Attentus Eufaula, L.L.C.

**OF COUNSEL:**

**CALTON & CALTON**
226 East Broad Street
Eufaula, Alabama  36027
(334) 687-3563
(334) 687-3564

8

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Answer upon the following counsel

of record by placing a copy of the same in the United States mail, postage prepaid, this the 27

day of July, 2006:

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, Alabama 36027-0910

Richard E. Smith
Greer B. Mallette
Christian & Small, L.L.P.
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696


_____
OF COUNSEL

9

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

**FILED**
**SEP - 8 2006**
**DAVID S. NIX, CLERK**
**BARBOUR CO. ALABAMA**

| | | |
|---|---|---|
| DR. TAREK NESSOULI, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO.: CV-06-84 |
| | ) | |
| EUFAULA CLINIC CORPORATION; | ) | |
| ATTENTUS EUFAULA, LLC, d/b/a | ) | |
| LAKEVIEW COMMUNITY HOSPITAL, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

<u>NOTICE TO CLERK OF SERVICE OF DISCOVERY DOCUMENTS</u>

TO:    Circuit Court Clerk
       Barbour County Courthouse
       Eufaula, AL 36027

PLEASE TAKE NOTICE that the undersigned has this date served on counsel for all parties, the following:

1.    Eufala Clinic Corporation Responses to Plaintiff's Request for Production

Richard E. Smith
Greer B. Mallette
Attorneys for Defendant
Eufaula Clinic Corporation

OF COUNSEL:

CHRISTIAN & SMALL LLP
ATTORNEYS AND COUNSELORS
505 20TH ST N STE 1800
BIRMINGHAM, AL  35203-2696
(205) 795-6588
(205 328-7234 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing pleading on counsel for all parties by placing a copy of same in the United States Mail, properly addressed and postage prepaid, on this the ____ day of _September_, 2006:

Of Counsel

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, AL 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, AL 36027-0910

Constance Walker
Haskell Slaughter Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL 36103

2

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                    )
                                       )
        PLAINTIFF,                     )
                                       )
v.                                     )
                                       )
EUFAULA CLINIC CORPORATION;            )
ATTENTUS EUFAULA, LLC, d/b/a           )
LAKEVIEW COMMUNITY HOSPITAL,           )
                                       )
        DEFENDANTS.                    )

**FILED**

**SEP 14 2006**

CIVIL ACTION NO.: CV DAVID S. NIX, CLERK
                    BARBOUR CO. ALABAMA

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information", and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good causes shown, the Court hereby ORDERS as follows:

### Designation of Confidential Information

1.      *Designation of Material.* Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential". Placement of the "Confidential" designation on each protected page or on the initial page of a protected document which it is produced shall constitute notice and shall designate the document as Confidential material. Copies,

extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2.    *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3.    *Modification of Designation.* The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

a)    The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

b)    If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

**Access to Confidential Information**

4.    *General Access.*  Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

a)    To outside counsel or staff (secretarial or administrative) of a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

b)    To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed a letter in the form of Exhibit A.

c)    To court reporters transcribing a deposition, hearing, or other proceedings in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

d)    To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.  Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

5.    *No Copies/Notes.*  Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or

shall take notes or otherwise summarize the contents of such Confidential Information.

6.    *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential Information

7.    *Use in this Litigation Only.* Confidential Information may be used only for purposes of this litigation  Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclosure, or disseminate, any of the same except as expressly provided herein.

8.    *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

9.    *Use at Court Hearings or Trial.* Subject to the Alabama Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearings or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary

disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

10.  *Filing Under Seal.*  Each document filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court.  Copies of such documents served on counsel for other parties shall be marked as Confidential.

11.  *Reasonable Precautions.*  Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

12.  *Return After Litigation.*  Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information.

## Other Provisions

13.  *Not an Admission.*  Nothing in this Order shall constitute an admission by the party that the information designed as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of

admissibility of evidence, materiality, trial preparation materials and privilege.

14.    *Miscellaneous.* This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties of any and all current or former employees of either of the parties or their affiliates.

The parties having stipulated and agreed hereto, it is SO ORDERED, this 21st day of Sept., 2006.

_____

Judge L. Bernard Smithart
Circuit Court of Barbour County, Alabama

So stipulated and agreed:

_____
Greer B. Mallette.
Counsel for Defendant Eufaula Clinic Corporation

_____
Albert H. Adams, Jr.
Counsel for Plaintiff Tarek Nessouli

_____
Jerry Roberson
Counsel for Plaintiff Tarek Nessouli

● ● 

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**EUFAULA DIVISION**

| | | |
|---|---|---|
| DR. TAREK NESSOULI, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV 06-84 |
| | ) | |
| EUFAULA CLINIC CORPORATION; | ) | |
| ATTENTUS EUFAULA, LLC, d/b/a | ) | |
| LAKEVIEW COMMUNITY HOSPITAL, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## AGREEMENT CONCERNING INFORMATION COVERED BY
## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designed as "Confidential" under the Order. I agree not to copy any documents or information that have been designed as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 200___.

_____
Name

_____
Address

_____
Employer

_____
Job Title

**EXHIBIT A**

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

**FILED**
SEP 27 2006
DAVID S. NIX, CLERK
BARBOUR CO. ALABAMA

DR. TAREK NESSOULI,                    )
                                       )
    PLAINTIFF,                         )
                                       )
V.                                     )    CIVIL ACTION NO.: CV-06-84
                                       )
EUFAULA CLINIC CORPORATION;            )
ATTENTUS EUFAULA, LLC, d/b/a           )
LAKEVIEW COMMUNITY HOSPITAL,           )
                                       )
    DEFENDANTS.                        )


<u>NOTICE TO CLERK OF SERVICE OF DISCOVERY DOCUMENTS</u>


TO:    Circuit Court Clerk
        Barbour County Courthouse
        Eufaula, AL 36027

        PLEASE TAKE NOTICE that the undersigned has this date served on counsel for all parties, the following:


        Answers to Plaintiff's Interrogatories to Defendant Eufaula Clinic Corporation


        Richard E. Smith
        Attorney for Defendant
        Eufaula Clinic Corporation


<u>OF COUNSEL</u>:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
TELEPHONE:  (205) 795-6588
FACSIMILE: (205) 328-7234

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the _26th_ day of _September_, 2006:

_____
OF COUNSEL

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, AL 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, AL 36027-0910

Constance Walker
Haskell Slaughter Young & Gallion, LLC
P. O. Box 4660
Montgomery, AL 36103

2



ELECTRONICALLY FILED
6/8/2007 5:06 PM
CV-2006-000084.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### EUFAULA DIVISION

|  |  |  |
|---|---|---|
| DR. TAREK NESSOULI, | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| vs. | ] | CV-06-84 |
| | ] | |
| ATTENTUS EUFAULA, L.L.C., d/b/a | ] | |
| LAKEVIEW COMMUNITY | ] | |
| HOSPITAL; and EUFAULA CLINIC | ] | |
| CORPORATION, | ] | |
| | ] | |
| **Defendants.** | ] | |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENT

COMES NOW Defendant Attentus Eufaula, LLC, and herewith gives notice of the filing of

the following discovery documents on its behalf:

1. **Interrogatories**
2. **Request for Production of Documents**
3. **Notice of Deposition**

Respectfully submitted this the 8th day of June, 2007.


s/ Constance C. Walker
Constance C. Walker (WAL144)
Jim S. Calton, Jr. (CAL052)
Attorney for Defendant

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2007, I electronically filed the foregoing with the

Clerk of the Court using the **AlaFile** system which will send notification of such filing to the

following:

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, Alabama 36027-0910

Richard E. Smith
Greer B. Mallette
Christian & Small, L.L.P.
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696

s/ Constance C. Walker_____
OF COUNSEL

03099-006
26382



**AlaFile E-Notice**

69-CV-2006-000084.00

To: CONSTANCE WALKER
ccw@hsy.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following discovery was FILED on 6/8/2007 5:06:43 PM

Notice Date:       6/8/2007 5:06:43 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  ADAMS ALBERT H JR
PO BOX 910
EUFAULA, AL 36027

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following discovery was FILED on 6/8/2007 5:06:43 PM

Notice Date:      6/8/2007 5:06:43 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  HORTON WILLIAM WILEY
     800 AMSOUTH-SONAT TOWER
     1900 FIFTH AVENUE NORTH
     BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following discovery was FILED on 6/8/2007 5:06:43 PM

Notice Date:     6/8/2007 5:06:43 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  SMITH RICHARD EARL
505 20TH STREET NO
SUITE 1800
BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following discovery was FILED on 6/8/2007 5:06:43 PM

Notice Date:    6/8/2007 5:06:43 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  CALTON JIMMY SPURLOCKJR
caltonlaw@eufaula.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following discovery was FILED on 6/8/2007 5:06:43 PM

Notice Date:     6/8/2007 5:06:43 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To:  MALLETTE GREER BURDICK
     gbm@csattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following discovery was FILED on 6/8/2007 5:06:43 PM

Notice Date:     6/8/2007 5:06:43 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To: ROBERSON JERRY D
tlbaker@charter.net

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following discovery was FILED on 6/8/2007 5:06:43 PM

Notice Date:      6/8/2007 5:06:43 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

To: WALKER CONSTANCE A
ccw@hsy.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following discovery was FILED on 6/8/2007 5:06:43 PM

Notice Date:    6/8/2007 5:06:43 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**EUFAULA DIVISION**

**FILED**

**JUN 19 2007**

**DAVID S. NIX, CLERK**
**BARBOUR CO. ALABAMA**

| | | |
|---|---|---|
| DR. TAREK NESSOULI, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO.: CV-06-84 |
| | ) | |
| EUFAULA CLINIC CORPORATION; | ) | |
| ATTENTUS EUFAULA, LLC, d/b/a | ) | |
| LAKEVIEW COMMUNITY HOSPITAL,) | | |
| | ) | |
| DEFENDANTS. | ) | |

## NOTICE TO CLERK OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Circuit Court Clerk
        Barbour County Courthouse
        Eufaula, AL 36027

        PLEASE TAKE NOTICE that the undersigned has this date served on counsel for all parties, the following:

Notice of Deposition of Dr. Tarek Nessouli

                         /s/ Greer B. Mallette
                         Richard E. Smith
                         Greer B. Mallette
                         Attorney for Defendant
                         Eufaula Clinic Corporation

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
TELEPHONE: (205) 795-6588
FACSIMILE: (205) 328-7234

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by First Class U. S. Mail, addressed as follows on this the <u>12th</u> day of June, 2007:

<i>Sven D. Mallette</i>

OF COUNSEL

Jerry Roberson
Roberson & Roberson
3765 Kinross Drive
PO Box 380487
Birmingham, AL 35238-0487

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, AL 36027-0910

Constance Walker
Haskell Slaughter Young & Gallion, LLC
P. O. Box 4660
Montgomery, AL 36103

cc:     Legalink Court Reporting

2



ELECTRONICALLY FILED
8/10/2007 4:13 PM
CV-2006-000084.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**EUFAULA DIVISION**

| | | |
|---|---|---|
| **DR. TAREK NESSOULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CV-06-84** |
| | ) | |
| **ATTENTUS EUFAULA, L.L.C., d/b/a** | ) | |
| **LAKEVIEW COMMUNITY** | ) | |
| **HOSPITAL; and EUFAULA CLINIC** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO COMPEL

COMES NOW Defendant Attentus Eufaula, LLC, pursuant to Rule 37, Fed.R.Civ.P., and moves this Court to enter an order compelling the Plaintiff to produce documents responsive to the outstanding Interrogatories and Request for Production. Defendant shows as follows:

1.    On June 8, 2007, Defendant issued Interrogatories and Request for Production to the Plaintiff.

2.    Defendant sent a letter to Plaintiff dated July 18, 2007, requesting responses to discovery.

2.    Plaintiff has not responded to the discovery.

WHEREFORE, THE PREMISES CONSIDERED, Defendant moves this Court to enter an order compelling Plaintiff to provide the requested discovery. Defendant further requests any other relief to which it may be entitled.

/s/Constance C. Walker
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Jim S. Calton, Jr. (CAL052)
Attorneys for the Defendant

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

**OF COUNSEL:**

**CALTON & CALTON**
226 E. Broad Street
Post Office Box 895
Eufaula, Alabama 36027-0895

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the **Alafile** system that will send notification of such filing to the following counsel:

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, Alabama 36027-0910

Richard E. Smith
Greer B. Mallette
Christian & Small, L.L.P.
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696

s/ Constance C. Walker
OF COUNSEL

27062

| **STATE OF ALABAMA**<br>Unified Judicial System | Revised 2/14/05 | **Case** |
|---|---|---|
| 69-BARBOUR - EUFAULA | ☐ District Court  ☑ Circuit Court | CV200... |

ELECTRONICALLY FILED<br>8/10/2007 4:13 PM<br>CV-2006-000084.00<br>CIRCUIT COURT OF<br>BARBOUR COUNTY, ALABAMA<br>DAVID NIX, CLERK

| DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D002 - ATTENTUS EUFAULA, LLC DBA LA |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>CONSTANCE WALKER<br>305 SOUTH LAWRENCE STREET<br>MONTGOMERY, AL 36104<br>*Attorney Bar No.:* WAL144 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| ☐ Judgment on the Pleadings ($50.00) | ☑ Compel |
| | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Exstension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>8/10/2007 4:11:46 PM | Signature of Attorney or Party:<br>/s CONSTANCE WALKER |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



**AlaFile E-Notice**

69-CV-2006-000084.00
Judge: HON. BURT SMITHART

To: CONSTANCE WALKER
ccw@hsy.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following matter was FILED on 8/10/2007 4:13:52 PM

**D002 ATTENTUS EUFAULA, LLC DBA LA**
**MOTION TO COMPEL**

[Attorney: WALKER CONSTANCE A]

Notice Date:    8/10/2007 4:13:52 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00
Judge: HON. BURT SMITHART

To:  HORTON WILLIAM WILEY
800 AMSOUTH-SONAT TOWER
1900 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 8/10/2007 4:13:52 PM

**D002 ATTENTUS EUFAULA, LLC DBA LA**
**MOTION TO COMPEL**
[Attorney: WALKER CONSTANCE A]

Notice Date:     8/10/2007 4:13:52 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  ADAMS ALBERT H JR
     albertadamslaw@aol.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
69-CV-2006-000084.00

The following matter was FILED on 8/10/2007 4:13:52 PM

D002 ATTENTUS EUFAULA, LLC DBA LA
MOTION TO COMPEL
[Attorney: WALKER CONSTANCE A]

Notice Date:     8/10/2007 4:13:52 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  CALTON JIMMY SPURLOCKJR
     caltonlaw@eufaula.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 8/10/2007 4:13:52 PM

### D002 ATTENTUS EUFAULA, LLC DBA LA
### MOTION TO COMPEL

[Attorney: WALKER CONSTANCE A]

Notice Date:      8/10/2007 4:13:52 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  MALLETTE GREER BURDICK
     gbm@csattorneys.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 8/10/2007 4:13:52 PM

**D002 ATTENTUS EUFAULA, LLC DBA LA**
**MOTION TO COMPEL**

[Attorney: WALKER CONSTANCE A]

Notice Date:      8/10/2007 4:13:52 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  ROBERSON JERRY D
tlbaker@charter.net

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 8/10/2007 4:13:52 PM

**D002 ATTENTUS EUFAULA, LLC DBA LA**

**MOTION TO COMPEL**

[Attorney: WALKER CONSTANCE A]

Notice Date:      8/10/2007 4:13:52 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  SMITH RICHARD EARL
     RES@csattorneys.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 8/10/2007 4:13:52 PM

**D002 ATTENTUS EUFAULA, LLC DBA LA**

**MOTION TO COMPEL**

[Attorney: WALKER CONSTANCE A]

Notice Date:     8/10/2007 4:13:52 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  WALKER CONSTANCE A
ccw@hsy.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
69-CV-2006-000084.00

The following matter was FILED on 8/10/2007 4:13:52 PM

D002 ATTENTUS EUFAULA, LLC DBA LA
MOTION TO COMPEL
[Attorney: WALKER CONSTANCE A]

Notice Date:      8/10/2007 4:13:52 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov

FMFDUSPOJDBMWZ IGMFE
9O24O811813 57ICN
OW3117 111195/11
DJSDVJUDPVSUIPG
CBSCPVSIDPVOUZ-BMBCBN B
EBWEIOJY-IDMFSL

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**

| | | |
|---|---|---|
| NESSOULI TAREK DR | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.:  CV-2006-000084.00 |
| | ) | |
| EUFAULA CLINIC CORPORATION | ) | |
| ATTENTUS EUFAULA, LLC DBA LAKEVIEW CO... | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

MOTION TO COMPEL filed by ATTENTUS EUFAULA, LLC DBA LA is hereby GRANTED.

15 days to fully respond.

DONE this 13rd day of August, 2007

/s HON. BURT SMITHART
_____

CIRCUIT JUDGE



ELECTRONICALLY FILED
8/13/2007 2:46 PM
CV-2006-000084.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

| | | |
|---|---|---|
| NESSOULI TAREK DR | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.:  CV-2006-000084.00 |
| | ) | |
| EUFAULA CLINIC CORPORATION | ) | |
| ATTENTUS EUFAULA, LLC DBA LAKEVIEW CO| ) | |
| | ) | |
| Defendants | ) | |

## <u>ORDER</u>

MOTION TO COMPEL filed by ATTENTUS EUFAULA, LLC DBA LA is hereby GRANTED.

15 days to fully respond.

DONE this 13rd day of August, 2007

/s HON. BURT SMITHART
_____

CIRCUIT JUDGE



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  ADAMS ALBERT H JR
albertadamslaw@aol.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

A court action was entered in the above case on 8/13/2007 2:46:02 PM

### D002 ATTENTUS EUFAULA, LLC DBA LA
### MOTION TO COMPEL

[Attorney: WALKER CONSTANCE A]

Disposition:    GRANTED
Judge:          LBS

Notice Date:    8/13/2007 2:46:02 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  CALTON JIMMY SPURLOCKJR
caltonlaw@eufaula.rr.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

A court action was entered in the above case on 8/13/2007 2:46:02 PM

### D002 ATTENTUS EUFAULA, LLC DBA LA
### MOTION TO COMPEL

[Attorney: WALKER CONSTANCE A]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | LBS |
| Notice Date: | 8/13/2007 2:46:02 PM |

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To: MALLETTE GREER BURDICK
gbm@csattorneys.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

A court action was entered in the above case on 8/13/2007 2:46:02 PM

#### D002 ATTENTUS EUFAULA, LLC DBA LA
#### MOTION TO COMPEL

[Attorney: WALKER CONSTANCE A]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | LBS |
| Notice Date: | 8/13/2007 2:46:02 PM |

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  ROBERSON JERRY D
    tlbaker@charter.net

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

A court action was entered in the above case on 8/13/2007 2:46:02 PM

### D002 ATTENTUS EUFAULA, LLC DBA LA
### MOTION TO COMPEL

[Attorney: WALKER CONSTANCE A]

Disposition:     GRANTED
Judge:           LBS

Notice Date:     8/13/2007 2:46:02 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  SMITH RICHARD EARL
     RES@csattorneys.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

A court action was entered in the above case on 8/13/2007 2:46:02 PM

### D002 ATTENTUS EUFAULA, LLC DBA LA

### MOTION TO COMPEL

[Attorney: WALKER CONSTANCE A]

Disposition:     GRANTED
Judge:           LBS

Notice Date:     8/13/2007 2:46:02 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  WALKER CONSTANCE A
ccw@hsy.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

A court action was entered in the above case on 8/13/2007 2:46:02 PM

### D002 ATTENTUS EUFAULA, LLC DBA LA
### MOTION TO COMPEL

[Attorney: WALKER CONSTANCE A]

Disposition:    GRANTED
Judge:          LBS

Notice Date:    8/13/2007 2:46:02 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00
Judge: HON. BURT SMITHART

To:  HORTON WILLIAM WILEY
800 AMSOUTH-SONAT TOWER
1900 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

A court action was entered in the above case on 8/13/2007 2:46:02 PM

### D002 ATTENTUS EUFAULA, LLC DBA LA
### MOTION TO COMPEL

[Attorney: WALKER CONSTANCE A]

Disposition:     GRANTED
Judge:           LBS

Notice Date:     8/13/2007 2:46:02 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov

| **STATE OF ALABAMA**<br>Unified Judicial System | Revised 2/14/05 | **Case** | ELECTRONICALLY FILED<br>9/14/2007 12:52 PM<br>CV-2006-000084.00<br>CIRCUIT COURT OF<br>BARBOUR COUNTY, ALABAMA<br>DAVID NIX, CLERK |
|---|---|---|---|
| **69-BARBOUR - EUFAULA** | ☐ District Court  ☑ Circuit Court | CV200 | |

| DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* C001 - NESSOULI TAREK DR |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>JERRY ROBERSON<br>P.O. Box 380487<br>BIRMINGHAM, AL 35238<br>*Attorney Bar No.:*  ROB010 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☑ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____  ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____  (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship  ☐ | Date:<br>9/14/2007 12:50:14 PM | Signature of Attorney or Party:<br>/s JERRY ROBERSON |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
9/14/2007 12:52 PM
CV-2006-000084.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                    )
                                       )
            PLAINTIFF,                  )          Civil Action No.:
      VS.                              )          CV 06-84
                                       )
EUFAULA CLINIC CORPORATION;            )
ATTENTUS EUFAULA, LLC, d/b/a           )
LAKEVIEW COMMUNITY HOSPITAL,           )
                                       )

_____DEFENDANTS._____

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW the Plaintiff, Dr. Tarek Nessouli, and moves this Court for an

Order allowing him to amend his complaint to allege an additional cause of action

against the Defendant, Attentus Eufaula, LLC.  As grounds for said motion, the Plaintiff

would show unto this Court as follows:

1.      The Plaintiff brought this action for breach of contract against  Attentus

Eufaula, LLC.

2.      The Plaintiff was born in Lebanon and is of Arabic  descent.  Plaintiff has

been treated differently than other employee physicians who are not Arabic.

3.      Plaintiff chooses to bring a cause of action under 42 U.S.C. §1981, which

precludes racial discrimination in the making and enforcement of contracts, including

employment contracts.

4.      No depositions have been taken and the Defendant will not be prejudiced

by this amendment at this time.

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this Court of an

Order allowing him to amend his Complaint.

Respectfully submitted,

s/Jerry Roberson
Jerry Roberson (ROB010)
Roberson & Roberson
3765 Kinross Drive
P.O. Box 380487
Birmingham, Alabama 35238
Telephone:    (205) 981-3906
Fax:            (205) 981-3908
E-mail: **jdratty@charter.net**
        **tlbaker@charter.net**

**OF COUNSEL:**

Albert H. Adams, Jr. (ADA-058)
Law Office of Albert H. Adams, Jr., P.C.
520 South Eufaula Avenue, Suite E
Post Office Box 670
Eufaula, AL  36072-0670
Telephone: (334) 687-1326
Facsimile: (866) 910-9989
E-mail: albertadamslaw@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the using the Electronic Filing system which will send notification of such filing to the following:

Richard E. Smith, Esq.
Greer B. Mallette, Esq.
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696

Constance Walker, Esq.
Attorney for Defendant Attentus Eufaula, LLC
HASKELL, SLAUGHTER, YOUNG & GALLION, LLC
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103

Jim S. Calton
Attorney for Defendant Attentus Eufaula, LLC
CALTON & CALTON
226 East Broad Street
Post Office box 895
Eufaula, Alabama 36027-0895

s/Jerry Roberson
Jerry Roberson (ROB010)


ELECTRONICALLY FILED
9/14/2007 12:52 PM
CV-2006-000084.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**EUFAULA DIVISION**

| | | |
|---|---|---|
| **DR. TAREK NESSOULI,** | ) | |
| | ) | **Plaintiff Demands Trial** |
| **Plaintiff,** | ) | **By Struck Jury** |
| | ) | |
| **vs.** | ) | **Civil Action No.:** |
| | ) | |
| **EUFAULA CLINIC CORPORATION;** | ) | **CV 06-84** |
| **ATTENTUS EUFAULA, LLC, d/b/a** | ) | |
| **LAKEVIEW COMMUNITY HOSPITAL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

_____**COMES NOW** the Plaintiff, Dr. Tarek Nessouli, and files this his first amendment

to his original complaint. Plaintiff realleges and incorporates by reference all the

allegations in his original complaint.

### I.  JURISDICTION & VENUE

1.     This court's jurisdiction is invoked pursuant to its general jurisdiction over

disputes arising within Barbour County, Alabama.

2.     The Physician's Employment Agreement was entered into in Barbour County

and the unlawful actions on the part of the Defendants were committed within Barbour

County, Alabama.   The Plaintiff, Dr. Tarek Nessouli, entered into his contract with the

Defendants concerning his medical practice in Barbour County, Alabama.

### II.  PARTIES

3.     Plaintiff, Dr. Tarek Nessouli, was born in Lebanon and is of Arabic descent.

Dr. Nessouli entered into an employment agreement with Attentus Eufaula, LLC.  The

terms of the employment agreement included a provision whereby if Nessouli's

employment agreement was not renewed, the Defendant Attentus Eufaula, LLC, would pay for his malpractice tail coverage.

4.    Plaintiff Nessouli has been forced to pay approximately $50,000.00 because Attentus has refused to pay his malpractice coverage.  Attentus paid for Nessouli's malpractice coverage while he was employed with Attentus prior to his being non-renewed. Attentus never objected to Nessouli's malpractice coverage until its decision, so this conduct amounts to a voluntary waiver.    Attentus has paid for the tail coverage for other, Non-Arabic physicians.

5.    Plaintiff Nessouli alleges as a cause of action, race discrimination, based on his race (Arabic), pursuant to 42 U.S.C. §1981, which precludes racial discrimination in the making and enforcement of contracts, including employment contracts.  Nessouli alleges that the Defendant Attentus Eufaula, LLC has discriminated against him on the basis of his race, Arabic, as well as his ethnicity.  Plaintiff Nessouli brings this claim pursuant to *St. Francis College, et al. v. Al-Khazragi*, 481 US 604 (1987).  Nessouli alleges that the Defendant Attentus has discriminated against him on the basis of his race in the terms and conditions of his employment, including not advising him that Attentus was not renewing its agreement with him, while confirming his income to his mortgage holder, so that he purchased a second home shortly before he was advised his contract would not be renewed.  Plaintiff alleges he was treated differently in the terms and conditions of his employment than other non-Arabic physicians.

### III. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays that this Court assume jurisdiction of this amended complaint and after trial provide appropriate relief

as follows:

   a)       Issue a declaratory judgment that the employment policies, practices,

procedures, conditions and customs of the Defendant are in violation of 42

U.S.C.§1981, a statute which prohibits employers from discriminating against

individuals on the basis of their race in the making and enforcement of contracts.

   b)       Grant the Plaintiff a permanent injunction enjoining Defendant, its agents,

successors, employees, attorneys and those acting in concert with the Defendant

and/or at the Defendant's request from continuing to violate 42 U.S.C. §1981.

   c)       Enter an order requiring the Defendant to make the Plaintiff whole by

awarding the Plaintiff such back-pay, compensatory and punitive damages, and/or

reinstatement to the position Plaintiff would have occupied if Defendant had not

discriminated against him because of his race.

   d)       Plaintiff further prays for such other and further relief and benefits as the

cause of justice may require, including but not limited to an award of costs, attorneys'

fees, and expenses incurred in this litigation.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

                                         Respectfully submitted,


                                         s/Jerry Roberson
                                         Jerry Roberson (ROB010)
                                         Roberson & Roberson
                                         3765 Kinross Drive
                                         P.O. Box 380487
                                         Birmingham, Alabama 35238
                                         Telephone:    (205) 981-3906
                                         Fax:          (205) 981-3908
                                         E-mail: jdratty@charter.net
                                                 tlbaker@charter.net

**OF COUNSEL:**

Albert H. Adams, Jr. (ADA-058)
Law Office of Albert H. Adams, Jr., P.C.
520 South Eufaula Avenue, Suite E
Post Office Box 670
Eufaula, AL  36072-0670
Telephone: (334) 687-1326
Facsimile: (866) 910-9989
E-mail: albertadamslaw@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the using the Electronic Filing system which will send notification of such filing to the following:

Richard E. Smith, Esq.
Greer B. Mallette, Esq.
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696

Constance Walker, Esq.
Attorney for Defendant Attentus Eufaula, LLC
HASKELL, SLAUGHTER, YOUNG & GALLION, LLC
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103

Jim S. Calton
Attorney for Defendant Attentus Eufaula, LLC
CALTON & CALTON
226 East Broad Street
Post Office box 895
Eufaula, Alabama 36027-0895

s/Jerry Roberson
Jerry Roberson (ROB010)



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  JERRY ROBERSON
     tlbaker@charter.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
69-CV-2006-000084.00

The following matter was FILED on 9/14/2007 12:52:04 PM

C001 NESSOULI TAREK DR

MOTION TO AMEND

[Attorney: ROBERSON JERRY D]

Notice Date:      9/14/2007 12:52:04 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00
Judge: HON. BURT SMITHART

To:  HORTON WILLIAM WILEY
800 AMSOUTH-SONAT TOWER
1900 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 9/14/2007 12:52:04 PM

#### C001 NESSOULI TAREK DR
#### MOTION TO AMEND
[Attorney: ROBERSON JERRY D]

Notice Date:      9/14/2007 12:52:04 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  ADAMS ALBERT H JR
     albertadamslaw@aol.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
69-CV-2006-000084.00

The following matter was FILED on 9/14/2007 12:52:04 PM

C001 NESSOULI TAREK DR
MOTION TO AMEND
[Attorney: ROBERSON JERRY D]

Notice Date:     9/14/2007 12:52:04 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:   CALTON JIMMY SPURLOCKJR
      caltonlaw@eufaula.rr.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following matter was FILED on 9/14/2007 12:52:04 PM

**C001 NESSOULI TAREK DR**
**MOTION TO AMEND**

[Attorney: ROBERSON JERRY D]

Notice Date:      9/14/2007 12:52:04 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  MALLETTE GREER BURDICK
     gbm@csattorneys.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following matter was FILED on 9/14/2007 12:52:04 PM

**C001 NESSOULI TAREK DR**

**MOTION TO AMEND**

[Attorney: ROBERSON JERRY D]

Notice Date:      9/14/2007 12:52:04 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To: ROBERSON JERRY D
tlbaker@charter.net

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following matter was FILED on 9/14/2007 12:52:04 PM

**C001 NESSOULI TAREK DR**

**MOTION TO AMEND**

[Attorney: ROBERSON JERRY D]

Notice Date:     9/14/2007 12:52:04 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  SMITH RICHARD EARL
     RES@csattorneys.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 9/14/2007 12:52:04 PM

### C001 NESSOULI TAREK DR
### MOTION TO AMEND

[Attorney: ROBERSON JERRY D]

Notice Date:     9/14/2007 12:52:04 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:   WALKER CONSTANCE A
      ccw@hsy.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 9/14/2007 12:52:04 PM

### C001 NESSOULI TAREK DR
### MOTION TO AMEND

[Attorney: ROBERSON JERRY D]

Notice Date:      9/14/2007 12:52:04 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov

**STATE OF ALABAMA**
Unified Judicial System

Revised 2/14/05

69-BARBOUR - EUFAULA    ☐ District Court  ☑ Circuit Court

| Case |
|------|
| CV200 |

ELECTRONICALLY FILED
9/28/2007 1:20 PM
CV-2006-000084.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

DR. TAREK NESSOULI VS EUFAULA CLINIC
CORP., ET ALS

**CIVIL MOTION COVER SHEET**
*Name of Filing Party:* D001 - EUFAULA CLINIC CORPORATION

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
RICHARD SMITH
505 20TH STREET NORTH, SUITE 1800
BIRMINGHAM, AL 35203

*Attorney Bar No.:* SMI105

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other      Joint Stipulation of Dismissal |
| | pursuant to Rule  n/a           (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date: 9/28/2007 1:19:13 PM | Signature of Attorney or Party: /s RICHARD SMITH |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
9/28/2007 1:20 PM
CV-2006-000084.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                          )
                                             )
        PLAINTIFF,                           )
                                             )
V.                                           )        CIVIL ACTION NO.: CV-06-84
                                             )
EUFAULA CLINIC CORPORATION;                  )
ATTENTUS EUFAULA, LLC, d/b/a                 )
LAKEVIEW COMMUNITY HOSPITAL,                 )
                                             )
        DEFENDANTS.                          )

### JOINT STIPULATION OF DISMISSAL

        Comes now the Plaintiff and the Defendant, Eufaula Clinic Corporation, by and through
their undersigned attorneys of record and agree that the above case may be dismissed with
prejudice as to this Defendant. All other claims against all other Defendants shall remain
pending.

                                _____
                                Jerry D. Roberson
                                Attorney for Plaintiff, Dr. Tarek Nessouli

OF COUNSEL:
Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, AL 35223

                                _____
                                Richard E. Smith
                                Attorney for Defendant
                                Eufaula Clinic Corporation

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
TELEPHONE: (205) 795-6588
FACSIMILE: (205) 328-7234



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:   RICHARD SMITH
      RES@csattorneys.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 9/28/2007 1:20:36 PM

**C001 NESSOULI TAREK DR**

**D001 EUFAULA CLINIC CORPORATION**

**JOINT STIPULATION OF DISMISSAL**

[Attorney: SMITH RICHARD EARL]

Notice Date:      9/28/2007 1:20:36 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  HORTON WILLIAM WILEY
     800 AMSOUTH-SONAT TOWER
     1900 FIFTH AVENUE NORTH
     BIRMINGHAM, AL 35203

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 9/28/2007 1:20:36 PM

### C001 NESSOULI TAREK DR
### D001 EUFAULA CLINIC CORPORATION
### JOINT STIPULATION OF DISMISSAL
[Attorney: SMITH RICHARD EARL]

Notice Date:    9/28/2007 1:20:36 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  ADAMS ALBERT H JR
     albertadamslaw@aol.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 9/28/2007 1:20:36 PM

**C001 NESSOULI TAREK DR**

**D001 EUFAULA CLINIC CORPORATION**

**JOINT STIPULATION OF DISMISSAL**

[Attorney: SMITH RICHARD EARL]

Notice Date:     9/28/2007 1:20:36 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  CALTON JIMMY SPURLOCKJR
     caltonlaw@eufaula.rr.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following matter was FILED on 9/28/2007 1:20:36 PM

**C001 NESSOULI TAREK DR**

**D001 EUFAULA CLINIC CORPORATION**

**JOINT STIPULATION OF DISMISSAL**

[Attorney: SMITH RICHARD EARL]

Notice Date:     9/28/2007 1:20:36 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  MALLETTE GREER BURDICK
     gbm@csattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following matter was FILED on 9/28/2007 1:20:36 PM

**C001 NESSOULI TAREK DR**

**D001 EUFAULA CLINIC CORPORATION**

**JOINT STIPULATION OF DISMISSAL**

[Attorney: SMITH RICHARD EARL]

Notice Date:     9/28/2007 1:20:36 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  ROBERSON JERRY D
tlbaker@charter.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following matter was FILED on 9/28/2007 1:20:36 PM

**C001 NESSOULI TAREK DR**

**D001 EUFAULA CLINIC CORPORATION**

**JOINT STIPULATION OF DISMISSAL**

[Attorney: SMITH RICHARD EARL]

Notice Date:     9/28/2007 1:20:36 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  SMITH RICHARD EARL
     RES@csattorneys.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 9/28/2007 1:20:36 PM

**C001 NESSOULI TAREK DR**

**D001 EUFAULA CLINIC CORPORATION**

**JOINT STIPULATION OF DISMISSAL**

[Attorney: SMITH RICHARD EARL]

Notice Date:     9/28/2007 1:20:36 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  WALKER CONSTANCE A
ccw@hsy.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

The following matter was FILED on 9/28/2007 1:20:36 PM

**C001 NESSOULI TAREK DR**

**D001 EUFAULA CLINIC CORPORATION**

**JOINT STIPULATION OF DISMISSAL**

[Attorney: SMITH RICHARD EARL]

Notice Date:     9/28/2007 1:20:36 PM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00

Judge: HON. BURT SMITHART

To:  WALKER CONSTANCE A
ccw@hsy.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

A court action was entered in the above case on 10/2/2007 10:09:30 AM

### C001 NESSOULI TAREK DR

### D001 EUFAULA CLINIC CORPORATION

### JOINT STIPULATION OF DISMISSAL

[Attorney: SMITH RICHARD EARL]

Disposition:     GRANTED
Judge:           LBS

Notice Date:     10/2/2007 10:09:30 AM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



**AlaFile E-Notice**

69-CV-2006-000084.00
Judge: HON. BURT SMITHART

To: WALKER CONSTANCE A
ccw@hsy.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

**DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS**
**69-CV-2006-000084.00**

The following matter was FILED on 10/1/2007 11:37:15 AM

**D002 ATTENTUS EUFAULA, LLC DBA LA**

**NOTICE TO STATE COURT OF REMOVAL OF CASE TO FEDERAL COURT**

[Attorney: WALKER CONSTANCE A]

Notice Date:     10/1/2007 11:37:15 AM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov

| **STATE OF ALABAMA**<br>Unified Judicial System<br><br>69-BARBOUR - EUFAULA   ☐District Court ☑Circuit Court | **Revised 2/14/05** | **Case**<br><br>CV200 | ELECTRONICALLY FILED<br>10/1/2007 11:37 AM<br>CV-2006-000084.00<br>CIRCUIT COURT OF<br>BARBOUR COUNTY, ALABAMA<br>DAVID NIX, CLERK |
|---|---|---|---|

| DR. TAREK NESSOULI VS EUFAULA CLINIC<br>CORP., ET ALS | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D002 - ATTENTUS EUFAULA, LLC DBA LA |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br><br>CONSTANCE WALKER<br>305 SOUTH LAWRENCE STREET<br>MONTGOMERY, AL 36104<br><br>*Attorney Bar No.:*  WAL144 | ☐Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐Default Judgment ($50.00) | ☐Add Party |
| ☐Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐Amend |
| | ☐Change of Venue/Transfer |
| | ☐Compel |
| ☐Judgment on the Pleadings ($50.00) | ☐Consolidation |
| | ☐Continue |
| ☐Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐Deposition |
| | ☐Designate a Mediator |
| ☐Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐Judgment as a Matter of Law (during Trial) |
| | ☐Disburse Funds |
| ☐Summary Judgment pursuant to Rule 56($50.00) | ☐Extension of Time |
| | ☐In Limine |
| | ☐Joinder |
| ☐Other _____ | ☐More Definite Statement |
| pursuant to Rule _____ ($50.00) | ☐Motion to Dismiss pursuant to Rule 12(b) |
| | ☐New Trial |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐Objection of Exemptions Claimed |
| | ☐Pendente Lite |
| | ☐Plaintiff's Motion to Dismiss |
| ☐Local Court Costs $ _____ | ☐Preliminary Injunction |
| | ☐Protective Order |
| | ☐Quash |
| | ☐Release from Stay of Execution |
| | ☐Sanctions |
| | ☐Sever |
| | ☐Special Practice in Alabama |
| | ☐Stay |
| | ☐Strike |
| | ☐Supplement to Pending Motion |
| | ☐Vacate or Modify |
| | ☐Withdraw |
| | ☑Other    Notice to State Court of Removal of<br>pursuant to Rule n/a  Case to Federal Court(Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship  ☐ | Date:<br><br>10/1/2007 11:35:45 AM | Signature of Attorney or Party:<br><br>/s CONSTANCE WALKER |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
10/1/2007 11:37 AM
CV-2006-000084.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### EUFAULA DIVISION

| | | |
|---|---|---|
| **DR. TAREK NESSOULI,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **vs.** | ] | **CV-06-84** |
| | ] | |
| **ATTENTUS EUFAULA, L.L.C., d/b/a** | ] | |
| **LAKEVIEW COMMUNITY** | ] | |
| **HOSPITAL; and EUFAULA CLINIC** | ] | |
| **CORPORATION,** | ] | |
| | ] | |
| **Defendants.** | ] | |

### NOTICE TO STATE COURT OF REMOVAL
### OF CASE TO FEDERAL COURT

TO:    David S. Nix, Clerk
Barbour County Circuit Court, Eufaula Division
303 East Broad Street
Eufaula, Alabama 36027

PLEASE TAKE NOTICE that the Defendant in this case, Attentus Eufaula, LLC,

has this date filed a Notice of Removal, a copy of which is attached hereto, in the Office

of the Clerk of the United States District Court for the Middle District of Alabama,

Northern Division, at Montgomery, Alabama.

Respectfully submitted this the 1st day of October, 2007.

/s/Constance C. Walker_____
Thomas T. Gallion, III (GAL010)
Constance C. Walker  (WAL144)
Attorneys for Defendant Officer Parks

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on the 1st day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the **AlaFile** system which will send notification of such filing to the following:

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, Alabama 36027-0910

Richard E. Smith
Greer B. Mallette
Christian & Small, L.L.P.
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696

                                                     <u>/s/Constance C. Walker</u>
                                                 Of Counsel

28243

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                  )
                                     )
            Plaintiff                )
                                     )        CV: 06-84
v.                                   )
                                     )        JURY TRIAL DEMANDED
                                     )
ATTENTUS EUFAULA, LLC,               )
d/b/aLAKEVIEW COMMUNITY              )
HOSPITAL, EUFAULA CLINIC             )
CORPORATION;                         )
                                     )
            Defendant.

## COMPLAINT

### I.    JURISDICTION & VENUE

1.      This court's jurisdiction is invoked pursuant to its general jurisdiction over disputes arising within Barbour County, Alabama.

2.      The Physician's Employment Agreement was entered into in Barbour County and the unlawful actions on the part of the Defendants were committed within Barbour County, Alabama. The Plaintiff, Dr. Tarek A. Nessouli, entered into a contract, designated as a physician's employment agreement, with the Defendants concerning his medical practice in Barbour County, Alabama.

### II. PARTIES

3.      Plaintiff, Dr. Tarek A. Nessouli, is a citizen of the United States, and is a licensed physician and board certified orthopedic surgeon.

4.    Attentus Eufaula, LLC, d/b/a Lakeview Community Hospital, is an Alabama corporation located in Eufaula, Alabama. It is a health care entity set up to own, operate and lease health care facilities, and owns the Lakeview Community Hospital. Attentus Eufaula LLC was the employer of several physicians, all of whom had employment agreements formerly with Eufaula Clinic Corporation. Attentus Eufaula, LLC assumed all rights and all responsibilities under the former contract that was entered into between Dr. Nessouli and the Eufaula Clinic Corporation.

5.    The Defendant Eufaula Clinic Corporation (hereinafter ECC) is an Alabama corporation, and the employer of certain contracted physicians who admitted patients to Lakeview Community Hospital. EEC contracted with Plaintiff to compensate him for providing medical services to patients and to admit patients for medical treatment to the defendant's affiliated hospital. The purpose of the Physician's Employment Agreement was to have physicians make referrals to the Lakeview Community Hospital, in order to utilize that facility for heath care services. The Eufaula Clinic Corporation is a subsidiary of Community Health Systems, Inc., who owns and operates approximately 70 rural hospitals.

## COUNT ONE

## BREACH OF CONTRACT - ATTENTUS EUFAULA, LLC

6.    Dr. Nessouli performed all of his obligations under the terms of the agreement in the year 2005. In March of 2005, the Lakeview Community Hospital was purchased. There was a transfer and assignment of the Physician's Employment Agreement, from Eufaula Clinic Corporation to the purchaser Attentus Eufaula, LLC.

Attentus Eufaula,  LLC agreed to be bound by the terms of the original agreement concerning Dr. Nessouli, and assumed all responsibilities of the original owner, Eufaula Clinic Corporation.

7.    Dr. Nessouli continued with his medical practice under the terms of his physician's employment agreement with Attentus Eufaula, LLC, until he was notified on September 13, 2005 that the contract would terminate ninety (90) days from that date on December 11, 2005.

8.    According to paragraph 9 of the physician's agreement, if the employer terminates the agreement, then the employer shall be responsible for purchasing an extended report endorsement (known as "tail coverage") for the physician's benefit. Dr. Tarek Nessouli has been required to pay to MAG Mutual, his malpractice insurer, since the termination of his employment agreement, over $50,000.00 to obtain tail coverage. The hospital is in breach of its agreement to provide and pay for Dr. Nessouli's tail coverage.    Dr. Nessouli seeks a declaration that the hospital is in breach of its agreement, and seeks prompt reimbursement of the monies he has spent, plus interest. Nessouli also seeks an injunction requiring Attentus Eufaula, LLC to pay all future payments for tail coverage, according to the terms of the contract.

9.    Dr.    Nessouli alleges that because Attentus failed to obtain his tail coverage, he was delayed in beginning his new medical practice with his new employer, for a period of seven (7) weeks, from January 1, 2006 until February 15, 2006. As a proximate consequence of the delay, Dr. Nessouli sustained additional damages, including a further loss of salary and employment related benefits.

10.     Nessouli alleges that he has incurred significant financial losses as a result of the Defendants' wrongful conduct, including the breaches of its agreement, and he seeks compensatory damages, plus interest, and all costs of this action.

11.     The Plaintiff further requests that this Court issue an injunction, requiring the Defendant, Attentus Eufaula, LLC to reimburse Nessouli for the cost of his tail coverage to date, and to make all payments necessary to provide for his tail coverage in the future.

## COUNT TWO

## BREACH OF CONTRACT - ATTENTUS

12.     Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-11 above as fully set forth herein.

13.     Dr. Nessouli alleges that Attenus Eufaula, LLC, has failed to pay him incentive compensation as required under the terms and conditions in his physician's employment agreement. Although he received a salary, he did not receive any money under the incentive compensation and did not receive any accounting of the total revenues collected for medical treatments he performed, nor was there any itemization of the expenses incurred in collecting said revenues. The Defendant Attentus Eufaula, LLC is in breach of the physician agreement for failure to pay Dr. Nessouli under the incentive compensation 75% of the net revenues from the physician's professional services.

14.     Dr. Nessouli was mislead to believe that his employment contract was in force after the human services department at Lakeview Hospital verified his

employment in August of 2005 when he was buying a second home in Destin. Florida. He went ahead and closed on August 31st 2005  and was given notice of his termination of his employment on September 13, 2005, thus causing him additional damages, as he would not have purchased the property had he known he was about to be terminated.

WHEREFORE, premises considered, Plaintiff seeks compensatory damages from the Defendant, Attentus Eufaula LLC for its breach of contract of the Plaintiff's physician's employment agreement, plus interest and all costs of this action.

## COUNT THREE

## BREACH OF CONTRACT - EUFAULA CLINIC CORPORATION

15.    Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-14 above as fully set forth herein

16.    Dr. Nessouli entered into a written Physician's Employment Agreement with the Defendant, Eufaula Clinic Corporation, beginning on September 1, 2002. According to the contract, which had an initial term of two (2) years, Dr. Nessouli was to become an employee of the Eufaula Clinic Corporation and was to locate his medical practice in a clinic operated by the Defendant, Eufaula Clinic Corporation. This term was extended by an amended agreement of September 6, 2004, renewing the agreement for two (2) more years. Under said agreement, Dr Nessouli was to be paid a salary of $315,000.00 per year, for year one and year two of the initial agreement (later amended in May 2004  to $315,000.00 plus a 5% yearly increase beginning September 6, 2004), and as further compensation was to receive 75% of the net cash receipts over the

operating expenses of his employer owned practice starting September 1, 2006.

17.    Dr. Nessouli fulfilled all requirements under the contract. He was employed by the Eufaula Clinic Corporation and performed all his duties and responsibilities under the agreement. Nessouli treated patients, provided physician coverage for the emergency department and for patients at the hospital, kept timely and accurate records of patient visits, operations , provided professional medical services in accordance with the appropriate medical standards in the community, observed all rules of the employer, complied with the quality assurance program, attended staff and hospital committees meetings, supervised staff and nurses, and maintained his membership in good standing on the active medical staff at the hospital.

18.    Under the agreement, Eufaula Clinic Corporation was required to bill, collect and remit all professional fees for medical services. The Defendant was required to pay monthly 75% of the net revenues minus the total operating expenses from professional services personally provided Nessouli. Eufaula Clinic Corporation has failed to ever pay any physician incentive compensation during the term of the agreement, and has provided to the Plaintiff fragmented statements concerning the medical services billed, individual patient collections, fees collected or the expenses deducted in connection with the revenues received. The Defendant failed to hire professional clinic managers to supervise proper coding timely billing and proper collections.    The Plaintiff seeks an accounting of all monies collected and said expenses in this action, a declaratory judgment that the agreement has been breached, and all monies owed under said terms of the agreement.

WHEREFORE, premises considered, Plaintiff alleges that he has sustained significant financial losses as a result of Defendants' wrongful conduct, including its breaches of contract, and he seeks compensatory damages, plus interest, and all costs of this action.

### JURY TRIAL DEMANDED

Respectfully submitted,

Jerry Roberson (ROB010)
Attorney for Plaintiff
**ROBERSON & ROBERSON**
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223
Telephone: (205) 871-1115
Facsimile: (205) 871-5115

OF COUNSEL:

Albert H. Adams, Jr., Esquire
RUSSELL IRBY LAW FIRM
257 West Broad Street
Eufaula, AL 36027-0910
(334) 687-6672

**Please serve the Defendants Via Certified Mail as follows:**

Eufaula Clinic Corporation
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104


Attentus Eufaula, LLC.
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**EUFAULA DIVISION**



DR. TAREK NESSOULI,                ]
                                   ]
    **Plaintiff,**              ]
                                   ]
**vs.**                             ]        **CV-06-84**
                                   ]
ATTENTUS EUFAULA, L.L.C., d/b/a     ]
LAKEVIEW COMMUNITY                 ]
HOSPITAL; and EUFAULA CLINIC       ]
CORPORATION,                        ]
                                   ]
    **Defendants.**             ]

**ANSWER OF DEFENDANT ATTENTUS EUFAULA, L.L.C.**
**d/b/a LAKEVIEW COMMUNITY HOSPITAL**

    **COMES NOW** Defendant Attentus Eufaula, L.L.C., d/b/a Lakeview Community Hospital,

and for Answer to Plaintiff's Complaint, states as follows:

### I. JURISDICTION AND VENUE

1.    Admitted.

2.    Defendant lacks sufficient knowledge to either admit or deny whether the Physician's

Employment Agreement was entered into in Barbour County, Alabama. The remaining allegations

in paragraph two of the Complaint are denied.

### II. PARTIES

3.    Admitted.

4.    Defendant admits that (1) it is a limited liability company with a place of business

in Eufaula, Alabama; (ii) it is a health care entity set up to own, operate and lease health care

facilities; (iii) it owns Lakeview Community Hospital; and (iv) it as the employer of several

physicians. Defendant lacks sufficient knowledge to either admit or deny whether all physicians employed by Defendant formerly had employment agreements with Eufaula Clinic Corporation. Defendant denies that it assumed all rights and responsibilities under the former contract that was entered into between Plaintiff and Eufaula Clinic Corporation.

5.    Defendant submits that the Physician's Employment Agreement speaks for itself. Defendant lacks sufficient knowledge to either admit or deny the remaining allegations in paragraph five of the Complaint.

## COUNT ONE

## BREACH OF CONTRACT - ATTENTUS EUFAULA, L.L.C.

6.    Defendant admits that in February of 2005, the Lakeview Community Hospital was purchased by Defendant Attentus Eufaula, L.L.C. The remaining allegations in paragraph six of the complaint are denied.

7.    Defendant admits that Plaintiff was notified by way of letter dated September 13, 2005 that the Employment Agreement would terminate on December 11, 2005. The remaining allegations in paragraph seven of the Complaint are denied.

8.    Defendant lacks sufficient knowledge or information as to whether Plaintiff has been required to pay to Mag Mutual, his malpractice insurer, over $50,000 to obtain tail coverage since the termination of his employment agreement. Defendant further submits that the Physician's Employment Agreement speaks for itself. The remaining allegations in paragraph eight of the Complaint are denied.

9.    Denied.

10.    Denied.

11.    Denied. Further to the extent Defendant has not responded to all of the allegations

in paragraphs one through eleven of the Complaint, all of the same are hereby denied. Defendant

further denies all prayers for relief in the Complaint, and denies that Plaintiff is entitled to the relief

requested in the Complaint.

## COUNT TWO

## BREACH OF CONTRACT - ATTENTUS

12.  Defendant incorporates herein its responses to paragraphs one through eleven of the

Complaint as if the same were set out here in full.

13.  Denied.

14.  Denied. Defendant further denies all prayers for relief in the Complaint, and denies

that Plaintiff is entitled to the relief requested in the Complaint.

## COUNT THREE

## BREACH OF CONTRACT - EUFAULA CLINIC CORPORATION

15.  Defendant incorporates herein its responses to paragraphs one through fourteen of the

Complaint as if the same were set out here in full.

16.  Defendant admits that Plaintiff entered into a Physician's Employment Agreement

with the Defendant Eufaula Clinic Corporation which agreement speaks for itself. Defendant lacks

sufficient knowledge to either admit or deny the remaining allegations in paragraph sixteen of the

Complaint.

17.  Defendant admits that Plaintiff entered into a Physician's Employment Agreement

with the Defendant Eufaula Clinic Corporation which agreement speaks for itself. Defendant lacks

sufficient knowledge to either admit or deny the remaining allegations in paragraph seventeen of the

Complaint.

18.  Defendant admits that Plaintiff entered into a Physician's Employment Agreement

with the Defendant Eufaula Clinic Corporation which agreement speaks for itself. Defendant lacks sufficient knowledge to either admit or deny the remaining allegations in paragraph eighteen of the Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant denies each and every material allegation in the Plaintiff's Complaint and demands strict proof thereof.

## THIRD DEFENSE

Defendant pleads the general issue.

## FOURTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part, because the claimed damages, if any, were caused by the conduct of third parties, including but not limited to the prior, intervening or superseding conduct of such third parties.

## FIFTH DEFENSE

Defendant asserts the affirmative defense of failure of consideration.

## SIXTH DEFENSE

Defendant asserts the affirmative defense of accord and satisfaction.

## SEVENTH DEFENSE

Defendant asserts the affirmative defense of release.

## EIGHTH DEFENSE

Defendant asserts the affirmative defenses of waiver, estoppel and unclean hands.

## NINTH DEFENSE

Defendant asserts the affirmative defense of laches.

## TENTH DEFENSE

Defendant denies that it is liable to the Plaintiffs for the damages claimed in the Complaint and demands strict proof thereof.

## ELEVENTH DEFENSE

Defendant asserts the affirmative defense of statute of frauds.

## TWELFTH DEFENSE

Defendant asserts the defense of failure to mitigate damages.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of merger.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of ratification.

## FIFTEENTH DEFENSE

Defendant denies that any of its actions proximately caused any of the alleged damages claimed by Plaintiff in the Complaint.

## SIXTEENTH DEFENSE

Plaintiff's claim for injunctive relief is barred because he has failed to allege or demonstrate the lack of meaningful legal remedy.

## SEVENTEENTH DEFENSE

Defendant denies the nature and extent of the damages claimed by the Plaintiff.

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend its Answer to assert additional defenses in the interest of justice and upon the discovery of new evidence.

William W. Horton (HOR014)
Constance C. Walker (WAL144)
Attorneys for Defendant Attentus Eufaula,
L.L.C.

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.**
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 251-1000
(205) 324-1133 (fax)

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Montgomery, Alabama 36104
(334) 265-8573
(334) 264-7945 (fax)

Jim S. Calton, Jr. (CAL052)
Attorney for Defendant Attentus Eufaula, L.L.C.

**OF COUNSEL:**

**CALTON & CALTON**
226 East Broad Street
Eufaula, Alabama  36027
(334) 687-3563
(334) 687-3564

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Answer upon the following counsel

of record by placing a copy of the same in the United States mail, postage prepaid, this the _____

day of July, 2006:

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, Alabama 36027-0910

Richard E. Smith
Greer B. Mallette
Christian & Small, L.L.P.
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696



OF COUNSEL

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**EUFAULA DIVISION**

| | |
|---|---|
| DR. TAREK NESSOULI, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: CV 06-84 |
| | ) |
| EUFAULA CLINIC CORPORATION; | ) |
| ATTENTUS EUFAULA, LLC, d/b/a | ) |
| LAKEVIEW COMMUNITY HOSPITAL, | ) |
| | ) |
| DEFENDANTS. | ) |

## ANSWER OF EUFAULA CLINIC CORPORATION

Come now Eufaula Clinic Corporation and for Answer to the numbered allegations of

Plaintiff's Complaint says as follows:

1.    Admitted.

2.    Defendant denies that any unlawful actions on the part of the Defendants were

committed within Barbour County, Alabama. The remaining allegations of paragraph 2 are admitted.

3.    Admitted.

4.    Defendant admits that Attentus Eufaula, LLC assumed all rights and all responsibilities

under the former contract that was entered into between Dr. Nessouli and the Eufaula Clinic

Corporation. The remaining allegations of paragraph 4 are not applicable to this defendant.

5.    Defendant denies that the sole purpose of the Physician's Agreement was to have

physicians make referrals to the Lakeview Community Hospital and avers that the Agreement speaks

for itself. The remaining allegations of paragraph 5 are admitted.

## COUNT ONE

## BREACH OF CONTRACT - ATTENTUS EUFAULA, LLC

6.    Defendant is without sufficient information to admit or deny whether or not Dr. Nessouli performed all of his obligations under the terms of the agreement in the year 2005. Defendant admits that in February of 2005, the Lakeview Community Hospital was purchased and that there was a transfer and assignment of the Physician's Employment Agreement from Eufaula Clinic Corporation to the purchaser, Attentus Eufaula, LLC.

7.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore denies the same.

8.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore denies the same.

9.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore denies the same.

10.    Denied.

11.    Denied.

## COUNT TWO
## BREACH OF CONTRACT - ATTENTUS

12.    Defendants incorporate by reference their answers to paragraphs 1 through 11 above as if set forth fully herein.

13.    Defendant denies that Dr. Nessouli was ever entitled to incentive compensation of 75% of the net revenues from his services as the amended agreement was never executed according to its terms. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 13 of the Complaint and therefore denies the same.

14.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint and therefore denies the same.

## COUNT THREE
## BREACH OF CONTRACT - EUFAULA CLINIC CORPORATION

15.     Defendants incorporate by reference their answers to paragraphs 1 through 14 above as if set forth fully herein.

16.     Admitted that Dr. Nessouli entered into a written Physician's Employment Agreement with Eufaula Clinic Corporation, beginning on September 1, 2002, that the contract had an initial term of two (2) years, that Dr. Nessouli was to become an employee of the Eufaula Clinic Corporation and was to locate his medical practice in a clinic operated by Eufaula Clinic Corporation. All of the remaining allegations of Paragraph 16 of the Complaint are denied.

17.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 17 of the Complaint and therefore denies the same.

18.     Admitted that Eufaula Clinic Corporation was required to bill, collect, and remit all professional fees for medical services. The remaining allegations of Paragraph 18 of the Complaint are denied.

### Defendant further pleads the following affirmative defenses:

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Defendant denies the material allegations of Plaintiff's Complaint and demands strict proof thereof.

3.     The Defendant states that there is no causal relation in fact between its activities with respect to the Plaintiff's alleged damages.

4.     Plaintiff has failed to comply with his common law duty to mitigate claimed damages

the entitlement to which the Defendant expressly denies.

5.    Plaintiff's claims, in whole or in part, are barred by the equitable doctrine of laches, waiver and estoppel.

6.    The Defendant denies that Plaintiff's alleged damages were proximately caused by any wrongful conduct of this Defendant.

7.    Defendant pleads the defense of unclean hands.

8.    Plaintiffs' claims against this Defendant are barred by the parol evidence rule.

9.    Plaintiffs' claims against this Defendant are barred by the doctrines of ratification, consent, and acquiescence.

10.    Plaintiffs' claims against this Defendant are barred by the statute of frauds.

11.    This Defendant reserves the right to assert additional defenses as discovery progresses in this case.  To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, having fully answered, the Defendant demands judgment against Plaintiff on all counts of the Complaint.

_Richard E. Smith_

Richard E. Smith
Greer B. Mallette
Attorneys for Defendant Eufaula Clinic Corporation

OF COUNSEL:
CHRISTIAN & SMALL LLP
ATTORNEYS AND COUNSELORS
505 20TH ST N STE 1800
BIRMINGHAM, AL 35203-2696
(205) 795-6588
(205 328-7234 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing pleading on counsel for all parties by placing a copy of same in the United States Mail, properly addressed and postage prepaid, on this the ___**5th**___ day of **July**_____, 2006:

_Richd E. Sns_
Of Counsel

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, AL 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, AL 36027-0910

Constance Walker
Haskell Slaughter **Young & Gallion, LLC**
P.O. Box 4660
Montgomery, AL 36103

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                          )
                                             )
    Plaintiff,                           )
                                             )
vs.                                          )      CIVIL ACTION NO.: CV-06-84
                                             )
EUFAULA CLINIC CORPORATION;                  )
ATTENTUS EUFAULA, LLC, d/b/a                 )
LAKEVIEW COMMUNITY HOSPITAL                  )
                                             )
    Defendants.                          )

**FILED**
**JUN**
**DAVID S. NIX, CLERK**
**BARBOUR CO., ALABAMA**

## NOTICE OF APPEARANCE

COMES NOW the undersigned, Jim S. Calton, Jr., Esq. and files this Notice of Appearance in the above styled cause as Co-Counsel on behalf of the Defendant, Lakeview Community Hospital in the above referenced matter.

                                           Jim S. Calton, Jr., Esq.
                                           226 East Broad Street
                                           P.O. Box 895
                                         Eufaula, AL 36072-0895
                                         (334) 687-3563

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by placing same in the U.S. mail, postage paid and properly addressed to:

Ms. Constance C. Walker, Esq.            Mr. Jerry Roberson, Esq.
Haskell Slaughter Young & Rediker, LLC    Roberson & Roberson
305 South Lawrence Street               8 Office Park Circle, Suite 150
P.O. Box 4660                         Birmingham, AL 35223
Montgomery, AL 36103

Mr. Albert Adams, Esq.
Irby Law Firm
P.O. Box 910
Eufaula, AL 36072

This the 28 day of June, 2006.

                                           OF COUNSEL

F:\wp files\notofapp\lch10675.noa.wpd

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,           )
                              )
        PLAINTIFF,            )
                              )
V.                            )        CIVIL ACTION NO.: CV-06-84
                              )
EUFAULA CLINIC CORPORATION;   )
ATTENTUS EUFAULA, LLC, d/b/a  )
LAKEVIEW COMMUNITY HOSPITAL,  )
                              )
        DEFENDANTS.           )

## NOTICE TO CLERK OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Circuit Court Clerk
       Barbour County Courthouse
       Eufaula, AL 36027

       PLEASE TAKE NOTICE that the undersigned has this date served on counsel for all parties, the following:

       (1)    Eufaula Clinic Corporation's First Interrogatories to Plaintiff; and,

       (2)    Eufaula Clinic Corporation's First Request for Production of Documents to Plaintiff.

                                    _____
                                    Richard E. Smith
                                    Attorney for Defendant
                                    Eufaula Clinic Corporation

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
TELEPHONE: (205) 795-6588
FACSIMILE: (205) 328-7234

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the _5th_ day of _July_, 2006:


_Richd E. Sims_
OF COUNSEL

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, AL 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, AL 36027-0910

Constance Walker
Haskell Slaughter Young & Gallion, LLC
P.O. Box 4660
Montgomery, AL 36103



ELECTRONICALLY FILED
9/14/2007 12:52 PM
CV-2006-000084.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
## EUFAULA DIVISION

| | | |
|---|---|---|
| **DR. TAREK NESSOULI,** | ) | |
| | ) | **Plaintiff Demands Trial** |
| **Plaintiff,** | ) | **By Struck Jury** |
| | ) | |
| **vs.** | ) | **Civil Action No.:** |
| | ) | |
| **EUFAULA CLINIC CORPORATION;** | ) | **CV 06-84** |
| **ATTENTUS EUFAULA, LLC, d/b/a** | ) | |
| **LAKEVIEW COMMUNITY HOSPITAL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

_____**COMES NOW** the Plaintiff, Dr. Tarek Nessouli, and files this his first amendment to his original complaint. Plaintiff realleges and incorporates by reference all the allegations in his original complaint.

### I.  JURISDICTION & VENUE

1.      This court's jurisdiction is invoked pursuant to its general jurisdiction over disputes arising within Barbour County, Alabama.

2.      The Physician's Employment Agreement was entered into in Barbour County and the unlawful actions on the part of the Defendants were committed within Barbour County, Alabama.  The Plaintiff, Dr. Tarek Nessouli, entered into his contract with the Defendants concerning his medical practice in Barbour County, Alabama.

### II.  PARTIES

3.      Plaintiff, Dr. Tarek Nessouli, was born in Lebanon and is of Arabic descent. Dr. Nessouli entered into an employment agreement with Attentus Eufaula, LLC.  The terms of the employment agreement included a provision whereby if Nessouli's

employment agreement was not renewed, the Defendant Attentus Eufaula, LLC, would pay for his malpractice tail coverage.

4.    Plaintiff Nessouli has been forced to pay approximately $50,000.00 because Attentus has refused to pay his malpractice coverage.  Attentus paid for Nessouli's malpractice coverage while he was employed with Attentus prior to his being non-renewed. Attentus never objected to Nessouli's malpractice coverage until its decision, so this conduct amounts to a voluntary waiver.     Attentus has paid for the tail coverage for other, Non-Arabic physicians.

5.    Plaintiff Nessouli alleges as a cause of action, race discrimination, based on his race (Arabic), pursuant to 42 U.S.C. §1981, which precludes racial discrimination in the making and enforcement of contracts, including employment contracts.  Nessouli alleges that the Defendant Attentus Eufaula, LLC has discriminated against him on the basis of his race, Arabic, as well as his ethnicity.  Plaintiff Nessouli brings this claim pursuant to *St. Francis College, et al. v. Al-Khazragi*, 481 US 604 (1987).  Nessouli alleges that the Defendant Attentus has discriminated against him on the basis of his race in the terms and conditions of his employment, including not advising him that Attentus was not renewing its agreement with him, while confirming his income to his mortgage holder, so that he purchased a second home shortly before he was advised his contract would not be renewed.  Plaintiff alleges he was treated differently in the terms and conditions of his employment than other non-Arabic physicians.

### III. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays that this Court assume jurisdiction of this amended complaint and after trial provide appropriate relief

as follows:

      a)      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are in violation of 42 U.S.C.§1981, a statute which prohibits employers from discriminating against individuals on the basis of their race in the making and enforcement of contracts.

      b)      Grant the Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and/or at the Defendant's request from continuing to violate 42 U.S.C. §1981.

      c)      Enter an order requiring the Defendant to make the Plaintiff whole by awarding the Plaintiff such back-pay, compensatory and punitive damages, and/or reinstatement to the position Plaintiff would have occupied if Defendant had not discriminated against him because of his race.

      d)      Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorneys' fees, and expenses incurred in this litigation.

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

      Respectfully submitted,

s/Jerry Roberson
Jerry Roberson (ROB010)
Roberson & Roberson
3765 Kinross Drive
P.O. Box 380487
Birmingham, Alabama 35238
Telephone:   (205) 981-3906
Fax:          (205) 981-3908
E-mail: jdratty@charter.net
       tlbaker@charter.net

**OF COUNSEL:**

Albert H. Adams, Jr. (ADA-058)
Law Office of Albert H. Adams, Jr., P.C.
520 South Eufaula Avenue, Suite E
Post Office Box 670
Eufaula, AL  36072-0670
Telephone: (334) 687-1326
Facsimile: (866) 910-9989
E-mail: albertadamslaw@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the using the Electronic Filing system which will send notification of such filing to the following:

Richard E. Smith, Esq.
Greer B. Mallette, Esq.
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696

Constance Walker, Esq.
Attorney for Defendant Attentus Eufaula, LLC
HASKELL, SLAUGHTER, YOUNG & GALLION, LLC
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103

Jim S. Calton
Attorney for Defendant Attentus Eufaula, LLC
CALTON & CALTON
226 East Broad Street
Post Office box 895
Eufaula, Alabama 36027-0895

s/Jerry Roberson
Jerry Roberson (ROB010)



ELECTRONICALLY FILED
9/28/2007 1:20 PM
CV-2006-000084.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

DR. TAREK NESSOULI,                          )
                                             )
        PLAINTIFF,                           )
                                             )
V.                                           )       CIVIL ACTION NO.: CV-06-84
                                             )
EUFAULA CLINIC CORPORATION;                  )
ATTENTUS EUFAULA, LLC, d/b/a                 )
LAKEVIEW COMMUNITY HOSPITAL,                 )
                                             )
        DEFENDANTS.                          )

## JOINT STIPULATION OF DISMISSAL

Comes now the Plaintiff and the Defendant, Eufaula Clinic Corporation, by and through their undersigned attorneys of record and agree that the above case may be dismissed with prejudice as to this Defendant. All other claims against all other Defendants shall remain pending.

                            Jerry D. Roberson
                            Attorney for Plaintiff, Dr. Tarek Nessouli

OF COUNSEL:
Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, AL 35223

                            Richard E. Smith
                            Attorney for Defendant
                            Eufaula Clinic Corporation

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
TELEPHONE: (205) 795-6588
FACSIMILE: (205) 328-7234



**AlaFile E-Notice**

**69-CV-2006-000084.00**

Judge: HON. BURT SMITHART

To:  WALKER CONSTANCE A
     ccw@hsy.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

### DR. TAREK NESSOULI VS EUFAULA CLINIC CORP., ET ALS
### 69-CV-2006-000084.00

A court action was entered in the above case on 10/2/2007 10:09:30 AM

### C001 NESSOULI TAREK DR
### D001 EUFAULA CLINIC CORPORATION
### JOINT STIPULATION OF DISMISSAL
[Attorney: SMITH RICHARD EARL]

Disposition:    GRANTED
Judge:          LBS

Notice Date:    10/2/2007 10:09:30 AM

**DAVID NIX**
**CIRCUIT COURT CLERK**
BARBOUR COUNTY, ALABAMA
303 EAST BROAD STREET
EUFAULA, AL 36027

334-687-1500
david.nix@alacourt.gov



ELECTRONICALLY FILED
10/1/2007 11:37 AM
CV-2006-000084.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**
**EUFAULA DIVISION**

| | |
|---|---|
| DR. TAREK NESSOULI, | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **vs.** | ]    **CV-06-84** |
| | ] |
| ATTENTUS EUFAULA, L.L.C., d/b/a | ] |
| LAKEVIEW COMMUNITY | ] |
| HOSPITAL; and EUFAULA CLINIC | ] |
| CORPORATION, | ] |
| | ] |
| **Defendants.** | ] |

**NOTICE TO STATE COURT OF REMOVAL**
**OF CASE TO FEDERAL COURT**

TO:    David S. Nix, Clerk
        Barbour County Circuit Court, Eufaula Division
        303 East Broad Street
        Eufaula, Alabama  36027

PLEASE TAKE NOTICE that the Defendant in this case, Attentus Eufaula, LLC,

has this date filed a Notice of Removal, a copy of which is attached hereto, in the Office

of the Clerk of the United States District Court for the Middle District of Alabama,

Northern Division, at Montgomery, Alabama.

Respectfully submitted this the 1st day of October, 2007.

/s/Constance C. Walker
Thomas T. Gallion, III (GAL010)
Constance C. Walker  (WAL144)
Attorneys for Defendant Officer Parks

OF COUNSEL:

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on the 1st day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the **AlaFile** system which will send notification of such filing to the following:

Jerry Roberson
Roberson & Roberson
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr.
Russell Irby Law Firm
257 West Broad Street
Eufaula, Alabama 36027-0910

Richard E. Smith
Greer B. Mallette
Christian & Small, L.L.P.
505 20th Street North, Suite 1800
Birmingham, Alabama 35203-2696


          /s/Constance C. Walker
        Of Counsel

28243

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000634
Cashier ID: khaynes
Transaction Date: 10/04/2007
Payer Name: HASKELL SLAUGHTER YOUNG  ET AL
--------------------------------
CIVIL FILING FEE
 For: HASKELL SLAUGHTER YOUNG  ET AL
 Case/Party: D-ALM-2-07-CV-000888-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 005305
 Amt Tendered: $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

NESSOULI V. ATTENTUS EUFAULA


2:07CV-888-MHT
```