IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. TAREK NESSOULI, | Plaintiff Demands Trial By Struck Jury |
| Plaintiff, | |
| v. | Civil Action No.: 2:07-CV-888-SRW |
| ATTENTUS EUFAULA, LLC, d/b/a LAKEVIEW COMMUNITY HOSPITAL, | |
| Defendant. | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**COMES NOW** the Plaintiff, Dr. Tarek Nessouli, and files this his second amended complaint.

## I. JURISDICTION & VENUE

1.   The Physician's Employment Agreement was entered into in Barbour County and the unlawful actions on the part of the Defendant were committed within Barbour County, Alabama.  The Plaintiff, Dr. Tarek Nessouli, entered into his employment contract with the Defendant concerning his medical practice in Barbour County, Alabama.

## II. PARTIES

2.   Plaintiff, Dr. Tarek Nessouli, is a citizen of the United States, and is a licensed physician and board certified orthopedic surgeon. He was born in Lebanon and is of Arabic descent.

3.   Attentus Eufaula, LLC, d/b/a Lakeview Community Hospital, is an Alabama

corporation located in Eufaula, Alabama.  It is a health care entity set up to own, operate and lease health care facilities, and is affiliated with the Lakeview Community Hospital.  Attentus Eufaula LLC operated as an employer of several physicians, all of whom had employment agreements formerly with the prior owner of the hospital, Eufaula Clinic Corporation.  Attentus Eufaula, LLC assumed all rights and all responsibilities under the former contract that was entered into between Nessouli and the Eufaula Clinic Corporation.

4. The Defendant Attentus Eufaula LLC, hereinafter Attentus, contracted with Plaintiff to compensate him for providing medical services to his patients and to admit patients for medical treatment to the defendant's affiliated hospital.  The purpose of the Physician's Employment Agreement was to have physicians make referrals to the Lakeview Community Hospital, in order to utilize that facility for heath care services.

## COUNT I

## BREACH OF CONTRACT - ATTENTUS EUFAULA, LLC

5. In March of 2005, the Lakeview Community Hospital was purchased.  There was a transfer and assignment of the Physician's Employment Agreement, from Eufaula Clinic Corporation to the purchaser Attentus Eufaula, LLC.  Attentus Eufaula, LLC agreed to be bound by the terms of the original agreement concerning Dr. Nessouli, and assumed all responsibilities of the original owner, Eufaula Clinic Corporation.

6. Dr. Nessouli continued with his physician employment agreement, with Attentus Eufaula, LLC, until he was notified on September 13, 2005 that the contract would terminate ninety (90) days from that date on December 11, 2005.

7. Dr. Nessouli alleges that Attenus Eufaula, LLC, has likewise failed to pay him incentive compensation as required under the terms and conditions in his physician's employment agreement. Although he received a salary, he did not receive any money under the incentive compensation and did not receive any accounting of the total revenues collected for medical treatment he performed, nor was there any itemization of the expenses incurred in collecting said revenues. The Defendant Attentus Eufaula, LLC is in breach of the physician agreement for failure to pay Dr. Nessouli under the incentive compensation 75% of the net revenues from the physician's professional services.

8. According to paragraph 9 of the physician's agreement, if the employer terminates the agreement, then the employer shall be responsible for purchasing an extended report endorsement (known as "tail coverage") for the physician's benefit. Dr. Tarek Nessouli has been required to pay to MAG Mutual, his malpractice insurer, since the termination of his employment agreement, over $50,000.00 to obtain tail coverage. The hospital is in breach of its agreement to provide and pay for Dr. Nessouli's tail coverage. Dr. Nessouli seeks a declaration that the hospital is in breach of its agreement, and seeks prompt reimbursement of the monies he has spent, plus interest. Nessouli also seeks an injunction requiring Attentus Eufaula, LLC to pay all future payments for tail coverage, according to the terms of the contract.

WHEREFORE, premises considered, Dr. Nessouli seeks actual damages for the breaches to his Physician's Employment Agreement against the Defendant, Attentus. Nessouli alleges that he has incurred significant financial losses as a result of the Defendant's

wrongful conduct, including the breaches of its agreement, and he seeks compensatory damages, plus interest, and all costs of this action. Nessouli further asks that this court enter a declaratory judgment that the contract has been breached, and order the Defendant to remit a final accounting of the monies owed to the Plaintiff within thirty (30) days of said action. The Plaintiff further requests that this Court issue an injunction, requiring the Defendant, Attentus Eufaula, LLC to reimburse Nessouli for the cost of his tail coverage to date, and to make all payments necessary to provide for his tail coverage in the future.

### COUNT II

9. Plaintiff, Dr. Tarek Nessouli, was born in Lebanon and is of Arabic descent. Dr. Nessouli entered into an employment agreement with Attentus Eufaula, LLC. The terms of the employment agreement included a provision whereby if Nessouli's employment agreement was not renewed, the Defendant Attentus Eufaula, LLC, would pay for his malpractice tail coverage.

10. Plaintiff Nessouli has been forced to pay approximately $50,000.00 because Attentus has refused to pay his malpractice coverage. Attentus paid for Nessouli's malpractice coverage while he was employed with Attentus prior to his being non-renewed. Attentus never objected to Nessouli's malpractice coverage until its decision, so this conduct amounts to a voluntary waiver. Attentus has paid for the tail coverage for other, Non-Arabic physicians.

11. Plaintiff Nessouli alleges as a cause of action, race discrimination, based on his race (Arabic), pursuant to 42 U.S.C. §1981, which precludes racial discrimination in

the making and enforcement of contracts, including employment contracts. Nessouli alleges that the Defendant Attentus Eufaula, LLC has discriminated against him on the basis of his race, Arabic, as well as his ethnicity. Plaintiff Nessouli brings this claim pursuant to *St. Francis College, et al. v. Al-Khazragi*, 481 US 604 (1987). Nessouli alleges that the Defendant Attentus has discriminated against him on the basis of his race in the terms and conditions of his employment, including not advising him that Attentus was not renewing its agreement with him, while confirming his income to his mortgage holder, so that he purchased a second home shortly before he was advised his contract would not be renewed. Plaintiff alleges he was treated differently in the terms and conditions of his employment than other non-Arabic physicians, as he was terminated sooner and under different conditions than other physicians.

### III.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays that this Court assume jurisdiction of this amended complaint and after trial provide appropriate relief as follows:

a)  Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are in violation of 42 U.S.C.§1981, a statute which prohibits employers from discriminating against individuals on the basis of their race in the making and enforcement of contracts.

b)  Grant the Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and/or at the

Defendant's request from continuing to violate 42 U.S.C. §1981.

c) Enter an order requiring the Defendant to make the Plaintiff whole by awarding the Plaintiff such back-pay, compensatory and punitive damages, and/or reinstatement to the position Plaintiff would have occupied if Defendant had not discriminated against him because of his race.

d) Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorneys' fees, and expenses incurred in this litigation.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

        Respectfully submitted,

        s/Jerry Roberson
        Jerry Roberson (ROB010)
        Roberson & Roberson
        3765 Kinross Drive
        P.O. Box 380487
        Birmingham, Alabama 35238
        Telephone:   (205) 981-3906
        Fax:             (205) 981-3908
        E-mail: **jdratty@charter.net**
                   **tlbaker@charter.net**

**OF COUNSEL:**

Albert H. Adams, Jr. (ADA-058)
Law Office of Albert H. Adams, Jr., P.C.
520 South Eufaula Avenue, Suite E
Post Office Box 670
Eufaula, AL  36072-0670
Telephone: (334) 687-1326
Facsimile: (866) 910-9989
E-mail: albertadamslaw@aol.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the using the Electronic Filing system which will send notification of such filing to the following:

Constance Walker, Esq.
Attorney for Defendant Attentus Eufaula, LLC
HASKELL, SLAUGHTER, YOUNG & GALLION, LLC
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103


Jim S. Calton
Attorney for Defendant Attentus Eufaula, LLC
CALTON & CALTON
226 East Broad Street
Post Office Box 895
Eufaula, Alabama 36027-0895

                                                       s/Jerry Roberson
                                                       Jerry Roberson (ROB010)